ALBANY,
Oct. 1828.

Van Tine
v.
Crane.

HENRY VAN TINE *vs.* CRANE and PLATT.

*On a joint and several promissory note, made by one of the members of a firm in the partnership name, and by another person in his individual character, a suit may be maintained against the members of the firm without joining the other maker, they, for this purpose, being considered as but one person, and the non-joinder of the other maker cannot be plead in abatement.*

DEMURRER to rejoinder. The plaintiff declared, as the endorsee of a promissory note, made by one of the defendants, in their partnership name of Crane & Platt, (they being partners in trade under that name and style,) and by one Robert F. Van Tine, payable to Mary B. Van Tine, who, at the time of the making of the note was the wife of the said Robert F. Van Tine, for the sum of $600. The note was *joint and several.* The suit was commenced against Crane and Platt alone, who plead in abatement the non-joinder of the other maker. The plaintiff replied *precludi non,* because the note was made by the defendants for the use and benefit of Robert F. Van Tine and Mary, his wife, although the said Robert F. Van Tine signed his name as a maker. The defendants rejoined, reiterating the plea. Plaintiff demurred and joinder.

*G. C. Bronson,* for plaintiff. A note to a *feme covert,* is a note to the husband. (*Chitty on Bills,* 25, 26, 34, 438, 460.) The subscription by the payee, as a drawer of the note, is a void act. (1 *East,* 432. 3 *Esp. R.* 266.) Crane and Platt, as partners, were but as one person in this taansaction ; and the note being joint and *several,* the action might be brought against one maker without joining the other. So, allowing that the drawers of a joint and several note must be sued either jointly or severally, that rule has not been violated. The partners could not be sued separately. (18 *Johns. R.* 459.)

The plea is bad, because it does not allege any new matter. It sets up nothing but what was admitted by the declaration. On demurrer to a plea in abatement, the defendant cannot say the declaration is bad. (1 *Chitty's Pl.* 647, 457.)

*D. Kellogg,* for defendants. If a note, payable to a *feme covert,* can be considered a note to the husband, then this is a note payable to one of the drawers, and an action might

have been sustained by the endorsee against all the makers. (5 *Cowen*, 688.) The drawers were *quasi* partners, and the plaintiff was bound to have sued them either jointly or separately, and had no right to select two of the drawers, and bring his suit against them.

The plea was good, and did aver new matter, viz. the delivery of the note by Van Tine. The defendants could not demur, that fact having been omitted in the declaration, and therefore were driven to their plea in abatement. The rule that on a plea in abatement a defect in a declaration cannot be taken advantage of, does not apply to a replication ; nor where the defence might be either by a plea in bar or abatement, in which case also the defect may be taken advantage of by plea in abatement, and the party is not bound to demur to the declaration. (*Lutwyche*, 1604. *Moor's R.* 30. *Carthew*, 363. 5 *Mod.* 136. *Bacon's Abr. tit. Abatement*, *M.*)

*By the Court*, SUTHERLAND, J. The note having been signed by one of the partners in the partnership name, was the note of the firm, and not of the individuals composing it, so far as the remedy to enforce payment was concerned. Partners cannot be individually sued for a partnership debt. Each partner is bound for the whole until the debt is paid ; but payment can be enforced only by a joint action against all. Their responsibilities are joint only, and not joint and several, so as to subject each to a separate action. This question was very ably and elaborately discussed, and fully settled in *Robertson* v. *Smith*, (18 *Johns. R.* 459.)

The firm of Crane and Platt, therefore, must be considered as one of the makers of this note, and Robert F. Van Tine the other ; and the note being joint and several, the plaintiff had a right to bring a separate action against either maker. The non-joinder of the other cannot be pleaded in abatement.

The plea, therefore, is bad ; which entitles the plaintiff to judgment, without considering the replication and rejoinder. The judgment in this case must be *quod respondeat ouster*. (1 *Chitty's Pl.* 457.)

Judgment accordingly.