## PEABODY *a.* BLOOMER.

*New York Superior Court; General Term, July,* 1856.

### COUNTER-CLAIM.—JOINT AND SEVERAL DEMANDS.

In an action against several joint debtors for a debt due by them as co-partners, one of them set up as a counter-claim, a claim for damages due him for alleged fraudulent misconduct of the plaintiffs in the management of his affairs under an agency formerly held by them from him.

*Held,*—that this counter-claim was bad, because ;—

1. If the demand were regarded as based on *contract,* it was a fatal defect that there was no mutuality between the two claims exhibited.

2. If it were deemed to be based upon *tort,* then it was not sufficiently connected with the subject of the action.

Appeal from a judgment at special term, upon an order allowing a demurrer to an answer.

This action was brought by Alfred Peabody, Edward P. Flint, and George Kellogg, against Ashel Beach, Elisha Bloomer, Frederick Hudley, and Ralph Hill.

The complaint set forth as the first cause of action, a judgment recovered on September 23, 1853, in San Francisco, in favor of the present plaintiffs and one James P. Flint, against the present defendant Ashel Beach individually and against the other defendants jointly, as partners; a balance of which was alleged to be yet due. It was averred in this cause of action that prior to October 26, 1852, and until and after September, 23, 1853, the present plaintiffs and James P. Flint were partners under the name of Flint, Peabody & Co., in San Francisco; and the defendants from October 26, 1852, to March 3, 1853, were also partners;—that the judgment now sued upon was recovered upon an account for moneys advanced by the plaintiffs in that judgment as partners, to the defendants as partners;—and that James P. Flint had assigned all his interest in the judgment to the present plaintiff.

The complaint then stated as a *second* cause of action, the advances made by the present plaintiffs and James P. Flint, to the defendants, upon which the judgment set up in the first cause of action was rendered,—averred that James P. Flint had assigned to plaintiffs all his interest in the claim;—and alleged a balance yet due upon the same.

For the balance due upon the judgment or account the complainant claimed judgment.

The defendant Bloomer answered separately. After setting up other defences, his answer, for a further defence and *counter-claim*, alleged that after the defendant Ashel Beach had resigned a certain agency for the defendant Bloomer, he Bloomer, appointed the plaintiffs and James P. Flint, then Flint, Peabody & Co., his agents in the same business, by a power of attorney dated November 20, 1852; that the firm of Flint, Peabody & Co. accepted the agency, and while such agents united and connived with Beach to cheat the defendant out of his interest in the property the subject of the

Peabody *a.* Bloomer.

agency;—and that the property of the defendant Bloomer was lost through the neglect and violation of duty of the plaintiffs, towards him. For this wrong he claimed damages to the amount of $5,000.

To this counter-claim the plaintiffs demurred, because among other reasons;—

1. The claim set up was a claim against the plaintiff and James P. Flint.

2. It was a claim of the defendant Bloomer only.

3. It was not a cause of action on contract, nor one arising out of the contract or transaction set forth in the complaint, or connected with the subject of the action.

4. That a several judgment could not be had between the plaintiffs and Bloomer, in the action.

This demurrer was allowed at special term, the following opinion being rendered:—

HOFFMAN, J. after stating the facts.—The case has been argued mainly upon this question;—Whether a defendant sued with others upon a joint responsibility can set up a demand against the plaintiffs arising out of their separate liability to him? It is to be assumed that this liability arose upon a different transaction; but it may also be assumed that contract was its foundation. The agency and its acceptance made it such.

The engagement of partners was considered at law as a joint engagement, not a joint and several one, although otherwise in equity, at least after dissolution by death. (18 *Johns.*, 459; 1 *Wend.*, 524). If therefore it appeared on the face of the pleadings that there were several partners, judgment could not be taken against some, if it could not be against all.

Yet the principle of this rule was subject to many qualifications. Where the joint liability did not appear on the declaration, a defendant co-partner was bound to plead in abatement. (Rice *v.* Shute, 5 *Burr.*, 2611, approved in Robertson *v.* Smith, 18 *Johns.*, 459). So in an action against the drawer of a bill of exchange, it appeared on the trial that the bill was drawn by the defendant and another, and it was held that the defendant should have plead in abatement. (Evans *v.* Sandford, cited 1

*Saund.,* 291, *n. a.*)   And where a plea in abatement of a part-
nership was put in with the names in the usual manner, and
on application to the attorney, the residences and additions of
the others were refused unless the suit was discontinued, it was
ordered that such particulars should be given, or that the plea
be set aside. (Taylor *v.* Harris, 4 *Barn. & A.,* 93.)

So it was admitted law, that when a defence was personal,
in favor of one of several defendants sued jointly on a joint
demand, for example infancy, or a subsequent discharge under
a bankrupt law, a *nolle prosequi* might be entered as to such
defendant, and judgment be had against the others.   But this
did not go to the original cause of action.   It was consistent
with the fact that such defendant was apparently as much
liable as the others upon the original cause of action, and if
such personal exemption did not exist, then the liability of all
must have been established, or none could be held responsible.

The Code has admittedly changed these rules to a very great
extent, and the following cases show to what a length the
change has been hitherto carried.   In The Mayor of New
New York *v.* Price, (4 *Sandf. S. C. R.,* 616,) the action was
on a bond described as a joint bond executed by three.   On
the trial it appeared it was joint and several.   The court con-
sidered that by the former law, a several judgment could not
have been taken, the plaintiff having elected to proceed jointly;
(4 *Hill,* 35), but that under section 136 of the Code, such a
judgment could be had against either; and hence that one was
admissible as a witness on behalf of another.   This case was
under subdivision 3 of the section which remains unchanged.

In Harrington *v.* Hingham, (15 *Barb.,* 528, 853), the com-
plaint was against three co-partners on an award alleging a
joint liability.   It appeared that one had executed the sub-
mission in the name of the firm; another had assented to it,
but without the knowledge or approval of the third.   It was
held that a recovery could be had against the two, and not
against the third.

The court decided that the submission and award were in-
valid as to the party assenting to it, and that under section
274 of the Code, the judgment against the two was proper;
that the Code allowed a judgment against one or more of sev-

eral defendants, whenever, on the facts of the case, a several judgment would be proper. This was allowable, irrrespective of the character of the complaint, whether it alleges a joint or several liability. The true criterion is, whether a separate action could have been maintained. The action could have been maintained against the two; they could not have plead the non-joinder of their co-partner, because the suit was not against them as co-partners: judgment might have been rendered against them on their individual and separate liability.

In Brumshill v. James, (1 *Kern.*, 294), the complaint was upon promissory notes made in a partnership name by two persons. It was proved that the note was made by one who was the husband of the other. Judgment was given against the husband. On appeal Mr. Justice Gardner adverts to the rule of law, that the recovery, where a joint contract is the subject of the suit, must be against all of the parties, or neither; and says that this was the inconvenience which the provisions of the Code were designed to remedy.

In the Superior Court it has been held, that where two persons are charged in a complaint as jointly liable upon a contract, and the plaintiff only succeeds (under a general denial of the allegations in an answer) in proving a liability of one, he may have judgment against that one, and judgment will be against him in favor of the other.

In The People v. Cram, (8 *How. Pr. R.*, 151), the complaint was upon a joint and several bond, purporting to have been executed by the defendants Cram and White to the plaintiffs. It was recited in the bond, that Cram had applied for a license to the commissioners of excise, &c. On the trial, it appeared that the bond was only executed by White. A judgment against him was sustained by the general term. Justice Marvin, in delivering the opinion of the court holds, that while the court cannot award a separate judgment, where a joint liability is made out, yet it may make such a judgment wherever it appears that other defendants were not joint contractors or jointly liable. The plaintiff may have a judgment against those as to whom he establishes a cause of action.

From these cases it appears to result, that whatever may be the nature of the defence of one of several defendants sued

jointly, upon establishing it, he shall have the action dismiss-
ed, and judgment may yet be had against his co-defendants,.
provided that the case is such that a complaint would be free
from a demurrer, if every fact proven at the trial exempting
the party, had been stated in the complaint; in other words
that the exemption is one which does not discharge the liability
of all.

Here the old distinction between a covenant not to sue, and
a technical release, may apply. By the former, one of several
joint debtors is not discharged. It may, under the Code, be
a question whether a release limited expressly to one, would
be a discharge of all. (Kirby *v.* Taylor, 6 *John. Ch. R.*, 250 ;
Shed *v.* Pierce, 17 *Mass.*, 623; Dean *v.* Newhall, 8 *T. R.*,
108 ; *Ex parte* Giffard, 9 *Ves.*, 807.)

But the question upon a counter-claim has not been exam-
ined and settled. I have found indeed but one case in which
the point has arisen between plaintiffs and one of several
defendants. That is the case of Parsons *v.* Nash, (8 *How. Pr.
R.*, 454,) and is by no means decisive. Three defendants
were sued upon a joint and several promissory note. Hinkle
was the principal, and the others sureties. A set-off or counter-
claim was set up, of a judgment obtained by Hinkle, for an
amount equal or greater than that of the note. A verdict
was found for the defendants, and a new trial refused. Jus-
tice Marvin adverts to the point, that probably the set-off
would have been allowed in equity, and available to all.
This seems to be admitted in the case of Gentry *v.* Jones, (6
*J. J. Marshall*, 153.) The judge observes, that under section
150, as it now is, the counter-claim is to be a claim existing
in favor *of a defendant*, and against a plaintiff, in favor of
whom a several judgment might be had in the action. "This
clearly indicates that there may be cases where the set-off or
counter-claim may not be due to, or in favor of all the defen-
dants. In my opinion in an action proper for a set-off or
counter-claim against several defendants, severally liable, or
jointly and severally liable, any one of them may avail him-
self of his set-off."

But it is perhaps to be inferred that the learned judge would
not have considered that when the demand in the complaint

was simply a joint demand, one of the parties jointly liable could be entitled to set up a counter-claim belonging only to himself against his liability, at any rate it cannot be inferred that he would have considered this admissible.

Even in a Court of Chancery before the Code, it would not have been permitted. The general rule there was the same as at law. The debt must be mutual. A joint demand could not be set off against a separate claim, nor a separate demand against a joint one. (Murray *v.* Poland, 3 *John. Ch. R.*, 574; Dale *v.* Cook, 4 *Johns. Ch.*, 14; Howe *v.* Shephard, 2 *Sumner*, 409; Bunting *v.* Swehs, 2 *Dev. & Batt*, 130.) There were exceptions to and qualifications of this rule. They arose upon bankruptcy in the English court. (See *Babington on Set-off*, 166, 6 *Law Library*, and Addis *v.* Knight, 2 *Merivale*, 121.) The Master of the Rolls and Chancellor Kent (4 *John. Ch.*, 15,) throw doubt even upon these exceptions. (See further the cases cited in Lindsay *v.* Jackson, 2 *Paige*, 582.)

It may be admitted that the counter-claim of the Code is more comprehensive than the statutory set-off, and will include several other cases. The subject is fully investigated in the case of Gleason *v.* Moen, (2 *Duer*, 642). But it would, I apprehend, be difficult to show that it will include defences which would not have been available as a set-off, either legal or equitable; or of a cross-action, when the suit was in a Court of Chancery, and of an equitable nature.

I am of opinion that the defence set up by the defendant Bloomer is not available in this action, and the demurrer to this part of the answer must be allowed with costs. As it is incapable of amendment, the allowance of the demurrer will be in effect to strike it out from the pleading, and to prevent evidence being given under it.

Judgment having been entered upon the order allowing the demurrer, the defendant Bloomer appealed to the general term.

*Mr. Moody*; for appellant.

*Henry G. De Forest*, for respondents.

By the Court, Woodruff, J.—This action is brought to

recover moneys alleged to be due to the plaintiffs, in their own right, and as assignees of their co-partner Flint, from the defendants, as joint debtors, for money lent and advanced to the defendants, and paid, laid out, and expended for their use, as co-partners.

The defendant Bloomer answering separately, among other defences sets up a set-off or counter-claim in his own favor, individually, for damages sustained by himself by reason of the plaintiffs' and the said Flint's fraud and negligence, in this, that he appointed the plaintiffs and the said Flint his agents, under a power of attorney, to manage and attend to his interests in California; which power of attorney he avers the plaintiffs and the said Flint received, and undertook to perform, keep and execute, the trusts, duties and obligations thereby given, conferred and imposed. By the fraudulent violation of their duty in this respect, the defendant avers that he has sustained damages, which he insists upon as a set-off or counter-claim in this action.

We fully agree with the conclusion at which Mr. Justice Hoffman arrived, in the examination of the demurrer to this defence, at the special term, that, to an action against several joint debtors for a debt due by them as co-partners, one of them cannot avail himself, either by way of set-off or counter-claim, of such a defence. If the defence have any foundation, as very imperfectly (we think) exhibited in the answer, it belongs to Bloomer alone. If it can be regarded under the averments in the answer, as arising upon contract, then it is a fatal defect that there is no mutuality between the two claims which are exhibited. If it be deemed a tort set up in the answer, then it is not so connected with the subject of the action that it constitutes any ground of recoupment. And in no respect is the defence such that in this action there can be a separate judgment against the defendants, who are jointly liable, and who do not and could not set up the defence upon which the defendant Bloomer relies. The case of Parsons *v.* Nash, (8 *How. Pr. R.*, 454), instead of sustaining such a counter-claim, appears to tend to the contrary.

Where one of several joint debtors pays the debt, that is payment for all, and any or all of them may set up the pay-

ment in bar. Here these is no pretence that either of the other defendants could have done so.

But without pursuing the subject, it must suffice to say, that the elaborate opinion pronounced at special term by Mr. Justice Hoffman, appears to us to be entirely sound in its conclusion, and it is unnecessary to enlarge upon the subject here.

The judgment appealed from must be affirmed with costs.