## SNOW *vs.* HOWARD,

Where a promissory note is made, by one of the partners in a firm, and the partnership name is subscribed thereto by him, by which the firm *jointly and severally* promise to pay to the payee the sum specified therein, the partner who made the note may be sued upon it, alone, without joining the other as a defendant.

APPEAL from a judgment rendered at the circuit, on a trial by the court, without a jury.

The action was brought to recover the amount due on two promissory notes; one dated November 6th, 1854, payable to the plaintiff or bearer one day after date, for $57 and use, and signed by the defendant in his individual name. The other was in the words and figures following, to wit: "One day after date, for value received, we jointly and severally promise to pay J. & E. Snow, or bearer, forty-three dollars and ninety-four cents, with use. January 2d, 1857.

BUDROW & HOWARD."

It was admitted, on the trial, that the last mentioned note was written by the plaintiff and signed by the defendant in the firm name of "Budrow and Howard," and delivered by the defendant to the plaintiff on the day it bears date; that said Budrow & Howard were partners in business at Moscow, Livingston county, N. Y., at the time the note was executed, and the note was given for goods sold and delivered to Budrow & Howard in the fall of 1854, by J. & E. Snow, and for the payment of which the said Budrow & Howard were liable as such partners; that said firm of Budrow & Howard consisted of James W. Budrow and the defendant, Hartson Howard, and no other person; also that the note had been duly assigned to and belonged to the plaintiff, John Snow, who is one of the firm of J. & E. Snow. It was also admitted that the said Budrow was living at the time of the trial, Upon which the plaintiff, after proving the amount of interest on the two notes, rested.

The defendant objected to the plaintiff recovering on the last mentioned note, on the ground that said Budrow was

jointly liable as partner for the payment thereof, and should have been joined as defendant. The defendant's answer, in regard to this note, was framed in abatement for the non-joinder of Budrow. The court overruled the objection, and ordered judgment against the defendant in the plaintiff's favor, for the amount of both notes, with interest. Upon which judgment was accordingly entered, with costs. From that judgment the defendant appealed.

*F. G. Wicker*, for the appellant.

*J. D. Husbands*, for the respondent.

*By the Court*, WELLES, J. The only question in this case is, whether the defendant is liable upon the note signed " Budrow & Howard," in an action brought against him alone, without joining Budrow as a defendant with him in the action. It is the general rule, that in an action to recover a debt due by several persons, upon a contract which is joint and not several, all the joint obligors must be made parties defendant. If any are omitted, those sued may plead the non-joinder in abatement. If they omit to set up the objection in their pleading, they lose the benefit of the defense. Debts due by partners as such are of this character. But I have no doubt that joint debtors may make their debt joint and several. They may bind themselves jointly and severally to pay it, and be afterwards sued severally for it. In this case, the firm of Budrow & Howard have thus obligated themselves to pay the note in question, and Howard, at least, is liable to be sued upon it, separately or jointly with Budrow. Whether Budrow would be liable to be sued alone, under the facts disclosed, it is not necessary to decide. But the defendant, Howard, who executed the note for himself and his partner Budrow in their partnership name, cannot be permitted to say he was not authorized to execute the note in the terms and form in which it appears. It is at least a

Snow *v.* Howard.

binding transaction upon him individually. The case is plainly distinguishable from *Van Tine* v. *Crane and Platt*, (1 *Wend.* 524,) relied upon by the defendant's counsel. There the action was upon a note joint and several in terms, made by one of the defendants in their partnership name of Crane & Platt, (they being partners in trade under that name and style,) and by one Robert F. Van Tine. The action was brought by Henry Van Tine against Crane & Platt only, who pleaded in abatement the non-joinder of the other maker. The court overruled the plea. The defendant's counsel contended, on the argument in that case, that inasmuch as the note was joint and several in its terms, it should be regarded in that light with respect to each and all of the makers; in which case the plaintiff should have sued either one of the makers, or all of them, but could not select two and omit the other. But the court held that the true construction of the note and the liabilities of the respective makers was, that the note should be regarded as having been subscribed by only two persons, the firm of Crane & Platt being one, and the maker, Van Tine, the other. In that view, the decision was clearly right. But in the present case, Budrow & Howard were the only makers, and their undertaking must therefore be deemed several as well as joint; or the express provision that the promise was joint and several must be disregarded. This we are not at liberty to do, but must give effect to the contract as made by the parties themselves. See the case of *Robertson* v. *Smith*, (18 *John.* 459,) particularly the remarks of Cady and Talcott, *arguendo*, near the foot of page 464.

The judgment should be affirmed.

[Monroe General Term, March 5, 1860. *Strong, Welles* and *Johnson*, Justices.]