### TREMPER *vs.* CONKLIN, survivor, &c.

After the dissolution of a partnership by the death of one of its members, the survivor holds the assets, still, as partnership property, and by virtue of his original power as partner. Hence he is in no sense the assignee of the deceased partner; and the restriction of section 399 of the code of procedure, as to the reception of evidence of transactions with a deceased person, against the executors or *assignees* of the deceased, does not extend to an action against him.

A motion to dismiss the complaint, on account of a defect of parties defendant, can not be made at the trial.

The objection should be taken either by demurrer or answer.

APPEAL by the defendant from a judgment entered at a special term, after a trial by jury. The action was brought against the defendant, as surviving partner of the firm of E. E. Conklin · & Company, to recover money lent to the firm. The plaintiff had a verdict and judgment.

SCRUGHAM, J.   The action was brought to recover money which the plaintiff claims he lent to the firm of E. E. Conklin & Co., of which the defendant and J. L. Conklin, now deceased, were members. The transaction occurred between the plaintiff and the said J. L. Conklin, and the only question of fact presented is, whether the loan was to the firm, or to the said J. L. Conklin, individually. The plaintiff, being examined as a witness in his own behalf, testified that when J. L. Conklin applied for the loan he told him he wanted to borrow some money to use for the firm, and the plaintiff could have the firm note for it, or a couple of ice wagons, just finished. These ice wagons were the individual property of the said J. L. Conklin. On being cross-examined he testified as follows : " When J. L. Conklin spoke to me about this money at the house, he said I could have the note of the firm or those two ice wagons, as security. I am positive he said this. I recollect his saying I could have the firm note." The defendant assumes that this was an offer by J. L. Conklin to give the note of the firm only as security

for the loan, and the language is capable of such interpretation; but it is not necessary to give it this meaning, as it as well expresses a disposition to give the .note of the firm for the loan, or the two ice wagons, as security for it. It is in this sense that the expression must be understood by us, for this accords with the statement which the witness made on his direct examination, that J. L. Conklin told him he wanted to borrow the money to use for the firm, and offered to give him the firm note for the loan.

Moreover, the learned justice, before whom the action was tried, has found that the loan was to the firm, upon evidence sufficient to sustain his conclusion; but it is objected that none of this evidence was admissible, as it was given by the plaintiff in his own behalf, and is of a transaction had personally by him with J. L. Conklin, who at the time of the trial was a deceased person.

Section 399 of the code prohibits the reception of such evidence against parties who are the executors, administrators, heirs at law, next of kin or assignees of the deceased. As against all others, the evidence is made admissible by the same section. The defendant in this case is the surviving partner of the firm of which the deceased was a member, and the effect of the testimony is to charge the effects of the firm. By the death of J. L. Conklin, the partnership was dissolved, and the effects remained in the hands of the survivor, subject to the partnership debts and accounts. It became his duty to wind up and settle the concerns of the firm, to pay the partnership debts and obligations and to distribute the surplus according to the respective shares of those entitled to it. For this purpose, after the dissolution of a partnership by the death of one of its members, the legal interest subsists, although for all other purposes the partnership is actually determined, and the survivor holds the assets still as partnership property and by virtue of his orginal power as partner. Therefore he is in no sense the assignee

of the deceased, and the restriction of section 399 does not extend to an action against him.

It was shown on the trial that the defendant, Edward E. Conklin, was not the sole surviving partner of the firm, and a motion was made to dismiss the complaint on account of a defect of parties defendant. The motion was properly denied, as the objection had not been taken either, by demurrer or answer.

The judgment should be affirmed with costs.

LOTT and J. F. BARNARD, JJ. concurred.

BROWN, J. (dissenting.)   The defendant is sued in this action as surviving partner of J. L. Conklin, deceased, upon a loan of money made to the deceased for the firm. The plaintiff was offered and received as a witness, under the defendant's objection, to prove the delivery of the money to the deceased partner, and his declarations that it was borrowed for the firm.

The principle intended to be embodied in section 399 of the code, as it now stands, is, that while a party may give evidence in his own behalf, he shall not speak of the transactions and declarations of the opposite party, who is deceased. Where the testimony of both the actors can be contrasted together, then the evidence will be received, otherwise not. The words of the exception in this section are, "except that a party shall not be examined against parties who are representatives of a deceased person, in respect to any transactions had personally between the deceased person and the witness." These words may not have a literal application to the case of a surviving partner, but the principle the legislature sought to embody in the section is obvious, and comprehends a witness or party who proposes to speak of transactions and conversations had with the deceased partner. In respect to an action by a surviving partner, he is to be

regarded as a representative of the deceased.  He does represent him as well as himself.

There should be a new trial, with costs to abide the event.

Judgment affirmed.

[ORANGE GENERAL TERM, September 12, 1865.  *Brown, Lott, Scrugham* and *J. F. Barnard,* Justices.]