WILLIAM DAWSON, ADMINISTRATOR OF DANIEL WAIT, v. WILLIAM WAIT.

### Evidence.

A and B were the original executors of the will of C. The claim declared upon is a judgment of the probate court approving and accepting the report of commissioners, who found a balance due from the defendant to C's estate, of $81. Subsequently the defendant executed his promissory note made payable to the executors A and B on demand for the sum of $50, which the defendant alleged the executor A agreed to and accepted in full satisfaction and discharge of said claim. Afterward A died leaving his co-executor B surviving. The present administrator with the will annexed prosecuted this suit for the benefit of the estate. *Held*, that the defendant was a competent witness under the statute (Gen. Sts., ch. 36, § 24) to prove the agreement alluded to and acceptance of the note by the deceased executor.

The case also comes within the exception to the proviso allowing a party to testify to acts and contracts done or made subsequent to the probate of the will, or the appointment of an administrator.

DEBT upon the judgment of the probate court, accepting and approving the report of the commissioners upon the plaintiff estate, by which report a balance of $81.16 was found due said estate from the defendant, December 11th, 1858. The defendant pleaded *nul tiel record*, and also a further plea, that on the 30th day of August, 1860, the defendant gave the plaintiff estate his note for $50, which the said estate agreed to, and did accept, in full payment and discharge of the said judgment. The plaintiff traversed the said pleas of payment, discharge, accord and satisfaction, and issue being joined to the country, a trial was had by jury, August term, 1867, STEELE, J., presiding.

The plaintiff offered in evidence the record of the judgment declared upon, and rested.

The defendant offered in evidence the note described in his pleadings, and proved its execution on the 30th day of August, 1860. The note was for $50 on demand, signed by the defendant, and payable to Hiram Hall and William Dawson or bearer, and was dated August 30th, 1860.

It was agreed on trial that at the time the note was given, Hiram Hall and William Dawson were the executors of the will of Daniel Wait; that afterward William Dawson deceased, and that Hiram Hall is still living, and that the present administrator,

with the will annexed, entered to prosecute this suit, February term, 1866, the case having been pending in court since August term, 1864.

The defendant was offered as a witness in his own behalf, to prove that the said William Dawson, the deceased executor, agreed to accept, and did accept, the said $50 note in full payment and discharge of the said judgment. It was agreed that the defendant had made no agreement to this effect with the said Hiram Hall, and no claim was made on either side that said Hall was a party or witness to any understanding upon the subject, but that if such an agreement was made by the defendant with any one, it was made with the said Dawson. The plaintiff objected to the defendant testifying in his own behalf as to the said agreement, upon the ground that the other party to the contract was deceased. The court sustained the objection and excluded the testimony, to which the defendant excepted. The defendant then submitted to a verdict for the plaintiff for the sum claimed.

*Giles Harrington* and *H. S. Royce*, for the plaintiff.

*H. R. Beardsley* and *Edson & Rand*, for the defendant.

The opinion of the court was delivered by

PROUT, J.   Counsel in the argument do not bring in question the authority of William Dawson, one of the executors of the will of Daniel Wait, deceased, to enter into the agreement which he did on behalf of the estate, and to accept the defendant's note for the amount disclosed in discharge and satisfaction of the claim declared upon; nor is it denied that, if he did arrange the claim in that manner, it constitutes a complete defense to the action.

The case shows that Hiram Hall and William Dawson were the original executors of the will of their testate, Daniel Wait, and that the claim declared upon is a judgment of the probate court, approving and accepting the report of commissioners, who found a balance due the estate of eighty-one dollars and sixteen cents. On the 30th of August, 1860, and subsequent to the approval of the commissioners' report, the defendant executed his promissory note,

made payable to the executors, on demand, for the sum of fifty dollars, which the defendant alleges the executor, Dawson, agreed to, and did, accept in full satisfaction and discharge of the claim the plaintiffs seek to recover in this action. Afterward, Dawson, with whom the alleged agreement was made, died, his co-executor, Hall, surviving. The present administrator, with the will annexed, appeared in the action as provided by statute, and prosecuted the suit for the benefit of the estate. On the trial in the county court, the defendant was offered as a witness to prove the agreement alluded to and acceptance of the note by the deceased executor, as alleged in his pleas. The plaintiff objected to his testifying, on the ground that the other party to the contract, Dawson, was dead. The court sustained the objection, and excluded the evidence.

The defense of payment, discharge, and accord and satisfaction, set up in the several pleas of the defendant, accrued subsequent to the probate of the will of Daniel Wait, and the issue of letters testamentary to Hall and Dawson, the executors therein named. The question as to whether the defendant was a competent witness depends upon the construction of section 24 of chapter 36 of the General Statutes. That in terms removes all disqualification existing by reason of interest in the event of a civil suit, or proceeding at law or in equity, except in those cases which fall within the terms of the proviso to that section. The proviso, so far as material to the question submitted, is : " Provided, * * when one of the original parties to the contract or cause of action in issue and on trial is dead, * * the other party shall not be admitted to testify, unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator." The deceased executor's estate has no interest in the demand in suit, and the administrator as plaintiff representing only the estate of Daniel Wait, the question is whether the case is within the terms and spirit of the proviso of the act referred to, or within the terms of the exception. The note of the defendant is payable to the executors, one of whom subsequent to its execution and before trial

deceased. The will of Daniel Wait had been proved and allowed, and letters testamentary issued by the probate court to them, the payees of the note, and the question arises by way of defense to the action, presenting the same question of construction had the question arisen in a suit instituted for the purpose of enforcing its collection. What, then, is the meaning of the phrase, contained in the proviso, " one of the original parties to the contract or cause of action " in issue upon the pleadings, in the case? The executors were joint payees of the note, and it was not in legal effect payable to either individually, so far as the remedy to enforce its payment is concerned ; but in an action, both, if living, must join as co-plaintiffs, they having a joint legal interest in it, and being the parties to whom the promise was made, and from whom, in their representative capacity, the consideration for it passed. In this sense they were the party. The converse of the proposition has been affirmed, in relation to promissory notes executed by and in the firm name of a co-partnership, consisting of several persons, in terms made joint and several, in which it was held that the firm was to be considered *one* of the makers, and that the non-joinder of another party could not be pleaded in abatement. *Van Tine* v. *Crane et al.*, 1 Wend., 524. In that case the court say, for the purposes of the action, the firm is to be considered but one person. In *Hayward et al.* v. *French et al.*, 12 Gray, 453, of this language found in the statute of Massachusetts, and which is identical with that under consideration, and having the same object in view, the court say " that it must be held to mean the legal party to the contract," and limit the effect of it to the case of a sole party to the contract, or in case of several joint promisors or co-partners, to the death of all. This same principle is re-affirmed in *Goss* v. *Newton*, 11 Allen, 525, and in which this language is used : " It is only the death of a sole party to a contract or cause of action in issue and on trial, or when several joint promisors are sued, the death of all of them, that operates to exclude the other party from testifying in his own favor." We are disposed to give the statute under consideration the same construction ; conceiving it to be not only consistent with the language used, but in harmony with analagous principles

relating to parties to actions; and to hold that the executors in this case being the party to the note, and one surviving, the defendant was a competent witness, and that his testimony was improperly excluded. *Brady* v. *Brady*, 8 Allen, 101 ; *Temper* v. *Conklin*, 44 Barb., 456.

We are also of the opinion upon the facts disclosed by the case, that it comes within the exception to the proviso, as a party is in express terms allowed to testify to acts and contracts material to the issue done or made subsequent to the probate of the will, or the appointment of an administrator. The defense relied upon accrued subsequent to that time, and subsequent in legal effect to the appointment of administrators on the estate of Daniel Wait.

The judgment of the county court is reversed, and the case remanded.