CIRCUIT COURT FOR MULTNOMAH COUNTY, JUNE TERM, 1870.

JACOB KAMM v. J. B. HARKER AND ASA HARKER.

JOINDER OF PARTIES.—In an action on the note of a partnership firm against two defendants, a plea in abatement by one of the defendants that his co-defendant never was a member of the firm, and stating the names of the members of the firm, is not demurrable, as not constituting a defense.

IDEM.—JOINT NOTE.—One of the makers of a *joint* note has a right to have the other makers made parties to the action.

PARTNERSHIP.—A partnership firm does not have the power to sue and be sued; that power is in the individuals that compose the firm.

THE plaintiff declared against the defendants, J. B. Harker and Asa Harker, upon a promissory note for $5,000 and interest, signed "J. B. Harker & Co.," and alleged that the defendants were partners, doing business under the firm name of J. B. Harker & Co., and as such made the note.

The defendant, J. B. Harker, demurred to the complaint as not stating facts, etc., but by leave abandoned the demurrer, and filed his separate answer, stating:

1st. That interest had been paid on the note to the amount of $823.

2d. That Asa Harker never was a member of the firm of J. B. Harker & Co.; but that the firm was composed of J. B. Harker, B. Welman and J. M. Peck, when the note was

---

1. The plaintiff amended his complaint, and the case being tried by jury, the defendant had a verdict.

made. To the second part, or defense, of this answer, the plaintiff demurred on the ground that it does not state facts constituting a defense.

*Logan & Shattuck*, for the plaintiff.

*Mitchell & Dolph*, for the defendant.

By THE COURT, (UPTON. J.) This demurrer does not raise the question whether a plea in abatement can be plead at the same time with a plea in bar of the whole or a part of the same cause of action, nor was that objection urged on the argument. But it is claimed that, because it is alleged in the complaint that J. B. Harker, who is admitted to be a member of the firm that executed the note, "signed the firm name to the note in his own hand," and because that allegation is not denied, he is personally liable for the whole amount sued for, under any view that can be taken of the case; and that being himself personally bound, he can not set up a defense for Asa Harker. That the said J. B. Harker is the only defendant served, and the action should proceed as if he alone were sued. The allegation that the note is signed in his hand writing is not a material one. No material issue can be formed by its denial. It is merely evidence tending to prove that he is one of the makers of the note. But since he admits that he is a member of the firm that made the note, he is personally liable for its payment; and the real question presented by the demurrer is, whether one of several makers of a *joint* note, when sued alone, can compel the plaintiff to join the other makers as co-defendants. That was his right at common law.

The code provides (sec. 36): "Persons *severally* liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may all or any of them be included in the same action at the option of the plaintiff."

Doubt has been expressed whether the framers of that section did not intend to change the law in regard to bills and notes, so as to give the payee of the bill or note, where the parties were *by its terms* only *jointly* liable, an option to

proceed against one of them *severally*. But I am satisfied that the legislature has not expressed that intention by the words employed, and that such construction ought not to be given to the statute. The language used does not indicate an intention to change the rule of law in this respect, and to treat parties as if they had contracted *jointly* and *severally* when they express in their contracts that they only intend to bind themselves *jointly*.

By using the word "severally" in the statute, a purpose to follow the rule of the common law in regard to joint notes, is indicated, and not an intention to give the plaintiff the option where the makers are only *jointly* liable.

The demurrer must be overruled.

It was by leave of the court, that the defendant answered over, and the leave was obtained without an exhibition of the proposed answer. Ordinarily, after a demurrer is overruled, leave should not be granted to enable a defendant to set up a defense, that does not go to the merits of the action. The plaintiff will be allowed at his option, to amend his complaint, changing the names of the parties to correspond with what is alleged in the answer, if he desires to do so.

Asa Harker had answered separately, setting up the same facts that were answered by J. B. Harker.

The plaintiff replied to each answer; want of knowledge or information sufficient to form a belief, putting all the allegations as to the firm at issue, but not denying the payment of $823 interest.

A jury was selected and sworn, and the plaintiff asked the court to direct the jury to find specially upon the following questions:

Was Asa Harker a member of the firm of J. B. Harker & Co., at the date of the note?

Were B. Welman and J. M. Peck members of that firm at that date?

On the trial, it was shown conclusively that Asa Harker was not a partner with J. B. Harker, at the date of the note. It was shown that at that time, there was a firm of merchants, consisting of J. B. Harker, B. Welman and J. M.

Peck, commonly called "Harker & Co.," and having that name displayed as a sign, on their business house in Portland. But it was also shown that they sometimes called the firm name "J. B. Harker & Co.," and so wrote the name in some of their business letters, addressed by Welman and Peck to J. B. Harker.

The evidence was conflicting, as to whether the business of the firm was such as to give a partner power to borrow money, in the name of the firm (the note sued upon, being given for money borrowed.) After the close of the evidence, the defendant's counsel asked that if the jury were instructed to find a special verdict, they be instructed to find "whether or not the defendants, J. B. Harker and Asa Harker, made the promissory note described in the complaint." Thereupon, the plaintiff asked leave to amend his complaint by dismissing the case as to Asa Harker.

The defendant, J. B. Harker, objected, on the ground that the complaint alleged a joint contract, and that J. B. Harker could not be sued alone upon it.

*E. D. Shattuck,* for the plaintiff. Cited sec. 36 of the code, claiming the right to proceed against J. B. Harker alone, if the jury find that Welman and Peck were not partners, and to amend so as to make them defendants, if the jury find they are parties. On the subject of amendment, he cited sections 94, 95 and 104 of the code.

*J. H. Mitchell,* for the defendants, claimed that having sued a firm, the proposed amendment would not be within sec. 99, but would "substantially change the cause of action."

BY THE COURT. There are two defenses in abatement of the action set up, namely, misjoinder and non-joinder, and the answer also alleges part payment, which is in bar, but no objection has been made to joining these defenses in the same answer. Is it expected that the verdict to be rendered will be followed by final judgment, or only a judgment in abatement?

*Judge Shattuck*, for the plaintiff. The alleged payment of $823 is not denied, but we admit the payment as alleged. The action is against the firm, and if the jury find that Welman and Peck are members, their names can be inserted. If they are not, as it is alleged that J. B. Harker signed the firm name to the note, he is bound personally, whether any other person is bound with him or not.

BY THE COURT. We often speak of a partnership firm as being the party plaintiff or defendant; but in truth a partnership does not, like a corporation, possess the power to sue and be sued. It is the individuals who compose the firm that can sue, and they only are the persons sued. (1)

I have doubts whether it is permissible, where the complaint sets up a joint contract made by two or more, to allow the plaintiff to proceed as if upon an individual contract made by one only. In order to amend so as to include Welman and Peck, the plaintiff will be compelled to admit the truth of the plea as to Welman and Peck, in which case there will be no question for the jury. If, however, the plaintiff deems it safe to amend by striking out the name of Asa Harker, he has permission to do so, and the defendant's objection can be considered a motion for on new trial.

The plaintiff withdrew his motion and submitted to a nonsuit.

---

CIRCUIT COURT FOR CLACKAMAS COUNTY, AT CHAMBERS, AUGUST, 1870.

---

1. (*Vantine* v. *Crane*, 1 Wend. 524.) The contract alleged is not several, but is the joint contract of J. B. and Asa Harker. (1 Chitty Pl. 42.)