## COUNTY OF WASHINGTON,

#### AT THE

## AUGUST TERM, 1873.

PRESENT :

HON. JAMES BARRETT,
HON. HOMER E. ROYCE,
HON. TIMOTHY P. REDFIELD, } ASSISTANT JUDGES.
HON. JONATHAN ROSS,

---

BRADISH & GOODENOUGH *v.* PERLEY BELKNAP.

*Competency of Witness under ch. 36, §24, of the Gen. Sts.*

Where a contract with a firm was originally made with a member thereof since deceased,
it was *held*, that the other party thereto was a competent witness in his own behalf in
a suit thereon against the surviving partner.

The case of *Dawson, admr. v: Wait*, 41 Vt. 626, approved.

BOOK ACCOUNT. The plaintiffs' account was for 735 feet of
pine boards, at four cents per foot, which they claimed to have
sold and delivered to the firm of Belknap & Edson, of which
the defendant Belknap was surviving partner, and that the con-
tract of sale was made with the said Edson by the plaintiff Brad-
ish. There was no testimony tending to show that Belknap
knew anything about said sale, or that the firm of Belknap &

2

Edson ever had said lumber. The plaintiffs offered said Bradish as a witness to prove the contract of sale with said Edson. The defendant objected, because the said Edson was deceased; but the auditor overruled the objection, and admitted the testimony; and found for the plaintiffs to recover their account, subject to the opinion of the court as to the competency of the said Bradish.

The court, at the March term, 1873, PECK, J., presiding, rendered judgment for the plaintiffs according to the report, to which the defendant excepted.

*Geo. M. Fisk*, for the defendant, cited Gen. Sts. § 24, ch. 36 ; *Hollister, admr.* v. *Young*, 41 Vt. 156 ; *Hunter* v. *Kittredge's Estate*, Ib. 359 ; *Hollister, admr.* v. *Young*, 42 Vt. 403 ; *Merrill, admr.* v. *Pinney*, 43 Vt. 605.

*H. W. Heaton*, for the plaintiffs, cited *Dawson, admr.* v. *Waite*, 41 Vt. 626 ; *Hayward* v. *French*, 12 Gray, 453 ; *Brady* v. *Brady*, 8 Allen, 101 ; *Goss* v. *Austin*, 11 Ib. 525.

The opinion of the court was delivered by

BARRETT, J. The only practical purpose to be served by reporting this case, is to remind the profession that the question involved was considered, discussed, and decided in *Dawson, admr.* v. *Waite*, 41 Vt. 626. The court still entertain the same view of the subject.

Judgment affirmed.

