### Coleman and others *v.* Elmore and another.

*(District Court, D. Oregon. July 13, 1887.)*

Counter-Claim—Joint Cause of Action.

A cause of action arising on the liability, promise, or undertaking of a partnership is a joint one only; and under section 72 of the Code of Civil Procedure, in an action thereon against the members of the firm, one of the defendants cannot maintain a counter-claim arising on a cause of action existing in his own favor.

*(Syllabus by the Court.)*

Action to Recover Money.

*C. W. Fulton,* for plaintiffs.

*Robert L. McKee* and *George W. Yocum,* for defendants.

DEADY, J. This action is brought by William T. Coleman, S. F. Johnson, Richard Delafield, and C. C. Coleman, citizens of California, and partners doing business at San Francisco, in said state, under the firm name of William T. Coleman & Co., to recover from the defendants, citizens of Oregon, the sum of $2,166.14, with interest at the rate of 8 per centum per annum from January 5, 1886, the same being a balance due the plaintiffs on account of goods, wares, and merchandise sold and delivered to the defendants, as partners, doing business at Astoria, Oregon, under the firm name of Flavel & Elmore, between December 4, 1885, and January 6, 1886. The defendants, by their joint answer, admit a balance of $1,976.78 due the plaintiffs on account of goods sold and delivered to them, between the dates aforesaid, and no more; and deny that they are indebted to the plaintiffs in any sum for interest on such balance. The defendant Elmore also files a separate answer, in which he pleads a counter-claim for $9,412.53, due him

from the plaintiffs on account of sundry dealings and transactions between him and them in the years 1883, 1884, and 1885, and prior to the sale and delivery of said merchandise. To this answer the plaintiffs demur, for that (1) "it does not state any facts which constitute a *defense* to this action;" and (2) the matter alleged therein does not consti- tute a counter-claim to the action.

The Code of Civil Procedure provides (section 71) that an answer may contain "a statement of any new matter constituting a counter-claim," which claim (section 72) "must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action." The first cause of demurrer is immaterial. This matter is not pleaded as a defense to the action, but a counter-claim,—a claim which admits the case made in the complaint, but asks that a judgment be given for the defendant on the cause of action set forth therein, after deducting therefrom the amount of the plaintiff's claim. This action arises on a contract, and the counter-claim states a cause of action arising on a contract. The only question, then, for consideration, is, can a separate judgment be given in this action between Elmore and the plaintiffs? When the cause of action stated in the complaint is in its nature joint and several, as one arising on a promise by two or more persons, in this form—we or either of us—a several judgment may be given between either of the defendants and the plaintiff. But where the cause of action is joint, and not several, a several judgment cannot be given between any of the defendants and the plaintiffs, or either of them. *Howard* v. *Shores*, 20 Cal. 278; *King* v. *Wise*, 43 Cal. 635; Pom. Rem. § 761.

A debt due to or from a partnership is due to or from the members thereof jointly and not severally; and therefore, in an action to recover the same, there cannot be a several judgment between any of the parties thereto. For this reason, in an action against the members of a firm on a firm liability, promise, or undertaking, neither of them can maintain a counter-claim on a cause of action existing in his own favor. This is such a simple matter that it seems like a waste of words to do more than state the proposition. But counsel for Elmore so confidently assert that a cause of action, arising on the contract of a partnership, is both joint and several, as to the members thereof, that I may be pardoned for citing Pomeroy's Remedies and Remedial Rights, § 756, in which the author, in discussing this subject of counter-claim, says: "Nothing can be more firmly settled than the general rule that, in the absence of a statutory provision to the contrary, where an action is brought by a partnership on a claim due the firm, no demand in favor of the defendant against some or one of its members can be used as a counter-claim." And in *Peabody* v. *Bloomer*, 3 Abb. Pr. 353, Mr. Justice WOODRUFF held (360) that, "in an action against several joint debtors for a debt due by them as co-partners, one of them cannot avail himself, either by way of set-off or counter-claim," of a claim for damages sustained by himself by reason of the plaintiff's fraud and negligence.

Counsel for Elmore also cite and rely on section 59 of the Code of Civil

Procedure as authorizing, in some way, a several judgment in this action between him and the plaintiffs on the subject of this counter-claim. But the section has no bearing on the subject. It simply gives the plaintiff, with the consent of the court, the right in an action against joint debtors, when only a part of the defendants are served, to take judgment against all, to be enforced, however, as to the absent defendants, only against the joint property of all. No several judgments between any of the parties to the action is authorized by this section, but only a joint one, under circumstances not permitted at common law.

Counsel also refer the court to sections 241 and 242 as authority for giving a several judgment in this case between Elmore and the plaintiffs. But these are only formal declarations of the general power of a court to give judgment for or against one or more of the parties plaintiff or defendant in a proper case, without in any way defining or declaring what constitutes such case. This must be looked for elsewhere. The demurrer to the counter-claim is sustained.

The plaintiff also moves the court for judgment on the pleadings for the sum of $1,976.78, with interest from January 6, 1886. The joint answer admits that this amount is due the plaintiffs, but denies the right to recover interest on the same. The right to interest, on the facts stated, is a question of law. It appears from the complaint that this sum is a balance due on an account since January 6, 1886, and the mere denial in the answer of the right to interest, under these circumstances, does not affect the question. In my judgment, this is a case of matured account, with the balance ascertained, and therefore draws interest. Gen. Laws Or. 624. The interest on $1,976.78 for six months is $79.07. Judgment is given for the plaintiffs for $2,055.85, together with the costs and disbursements of the action.