FRANK B. POPE v. CATHERINE G. HOGAN, GIDEON GAGNE AND MARGARET H. GAGNE.

Special Term at Rutland, November, 1917.

Present: WATSON, C. J., HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed February 12, 1918.

*Witnesses—Competency—P. S. 1589, as Amended—Evidence— Parol Gift of Land—Statute of Frauds—Entry and Posses- sion—Intention of Donee—Adverse Possession—Notice— Error in Exclusion of Evidence—When not Cured—Decla- rations Against Title—When Admissible as Between Joint Owners of Real Estate—Tenants by Entireties—Evidence —Admissibility—Burden of Proof.*

A wife is a competent witness to testify to a gift to her husband, after the death of the donor, as she is not a party to the contract in issue and on trial within the meaning of P. S. 1589, as amended by No. 85, Acts 1910.

It is the death of a sole party to a contract, or, if more than one, the death of all, that operates to exclude the other party from testify-

ing in his own favor, under P. S. 1589, as amended by No. 85, Acts 1910.

Where it is not sought to enforce a contract respecting real estate, but only to show possession of land as affecting the acquisition of title by adverse possession, evidence of a parol gift of land is not inadmissible under the Statute of Frauds, because, while such a gift conveys no title and creates only a tenancy at will, it may ripen into a perfect title by adverse possession.

A gift of land by parol, accompanied by an actual entry and possession, manifests the donee's intention to enter and take as owner and not as tenant.

Where an entry upon land is in subordination to the title of another, to give the possession an adverse character, either actual notice of an adverse claim must be brought home to the owner, or some overt, notorious and unequivocal act or acts indicating a disavowal of his title of such a character that notice would be presumed, must be shown.

In an action of ejectment, error in the exclusion of evidence, offered by defendants, of a parol gift of the land to their predecessor in title, as a basis for their claim of adverse possession, is not cured by giving defendants opportunity to show such fact on surrebuttal to meet plaintiff's evidence that he was in possession under a lease.

A declaration against title, made by one tenant by the entirety, while in the presence and hearing of the other, is admissible against such other, and her privies in title.

The statements of a husband or wife in the nature of declarations of a grantor or possessor of property are admissible against the other spouse if they satisfy the requirements as to the admissibility of similar statements of parties not husband and wife.

Statements of a joint owner of real estate not made in the presence and hearing of the other owners, are receivable in evidence against the other owners if there exists an identity of legal interest, not merely a community of interest, between them.

The legal interest of a husband and wife as tenants by entireties is not identical, because the husband has, in addition to his joint interest, a freehold interest during the joint lives of himself and his wife, by which he takes the possession and usufruct of the whole as marital rights, and the wife has no control over or interest in the property, except the rights of homestead (if there be one) and survivorship; and so an admission against title made by one, not in the presence

and hearing of the other is not receivable in evidence against such other.

In an action of ejectment it was not error to exclude evidence that after the death of one through whose alleged title by adverse possession defendants claimed title, his wife, who was one of the defendants, attempted to borrow money to pay the taxes, declaring that she owned the premises; because she was not seeking to tack her title to that of her husband, but stood on a title perfected by adverse possession before her husband's death.

In an action of ejectment, where defendants introduced evidence of a parol gift to their predecessor in title, since deceased, as the basis of a title by adverse possession, it was not error to permit one of the claimed donors to testify that defendants' predecessor in title occupied under a lease, and not by gift; because, although the witness was a party to a claimed contract and the other party was dead, she was competent to give evidence to meet and explain the testimony as to the gift, and the legitimate inferences deducible therefrom.

Where defendants in an action of ejectment claimed under a title by adverse possession based upon a parol gift to their predecessors in title, the burden of proof upon the question of adverse possession, as distinguished from the burden of evidence, was upon defendants, aided by the presumption that, if there was a gift of the property, their predecessor in title occupied thereunder claiming ownership.

EJECTMENT. Trial by jury at the December Term, 1916, Bennington County, *Miles,* J., presiding. Verdict for plaintiff. Defendants excepted. The opinion states the case.

*J. K. Batchelder* for defendants.

*Holden & Healy* and *F. C. Archibald* for plaintiff.

TAYLOR, J. The action is ejectment and the premises in question are a portion of a tract of land with two dwelling houses thereon formerly owned by Patrick Hogan and his wife Ellen as tenants by entireties. They had acquired title to the whole as early as 1879 and lived for many years thereafter in the southerly dwelling house. The defendant Catherine G. Hogan is the widow of John Hogan, a son of Patrick and Ellen, and was in possession of the northerly dwelling house at

the time this suit was brought. John Hogan died in July, 1907. In November, 1913, Patrick and Ellen Hogan conveyed the whole tract by quit-claim deed to Patrick Hogan, Jr., and Catherine Durbin, their only living children, excepting and reserving to themselves and to the survivor the use, occupancy, control, rents and income thereof during their joint lives and the life of the survivor. Patrick Hogan died in November, 1915. April 24, 1916, Ellen Hogan joined with said children in a conveyance of the whole tract to the plaintiff. Such is the title under which the plaintiff claims.

The defendants claim title to the northerly dwelling house and adjacent land through John Hogan by adverse possession. Their claim is that early in 1883 Patrick and Ellen gave the northerly house and lot with definite boundaries to John; that he immediately went into possession and lived there with his family until his death, more than 24 years; and that during all that time he claimed to be the owner of the premises and had full control and open, notorious and continuous possession thereof. The trial was by jury with verdict for the plaintiff. Most of the defendants' exceptions relate to evidence offered in support of their claim of title. Several of the exceptions raise questions of the admissibility of parol evidence of the gift, the competency of Catherine Hogan as a witness thereto, and the admissibility of various statements of Patrick and Ellen in the nature of admissions that John was the owner of the property. These exceptions are so related that, in the main, they do not require separate treatment.

The substance of the evidence offered and excluded concerning a gift was that both Patrick and Ellen gave the place to John as his own; that just before he moved onto the premises Patrick called at the tenement where John was then living and had a talk which resulted in Patrick's giving him the place; that the same day John moved his family into the house; and that later the same day Ellen called and in effect reaffirmed what Patrick had said. It was offered to show these conversations by Catherine Hogan. Plaintiff objected that she was incompetent under P. S. 1589, as amended by No. 85, Acts of 1910. It is argued that in legal contemplation the husband and wife are one; and that, though the claimed gift was to John, Catherine would be a party to the contract and so disqualified by the statute from testifying. But she was not the donee and had only an inchoate

interest in the subject of the gift.  Clearly she was not a party to a contract "in issue and on trial" within the meaning of the disqualifying statute.  However, assuming that she was a party, still she would not be an incompetent witness.  Ellen Hogan, one of the "other party" was still living.  It was held in *Dawson, Adm'r* v. *Wait,* 41 Vt. 626, construing this statute, that it was the death of a sole party or if more than one, the death of all, that operates to exclude the other party from testifying in his own favor.  See also *Bradish* v. *Belknap,* 46 Vt. 1; *Orr* v. *Clark,* 62 Vt. 136, 19 Atl. 929.

It was also objected that the offered evidence was inadmissible because Patrick was not the sole owner of the property.  The argument is that he could not alone by deed convey any interest in such an estate, much less could he dispose of it by a parol gift.  *Corinth* v. *Emery,* 63 Vt. 505, 22 Atl. 618, 25 Am. St. Rep. 780, is cited to this proposition.  We are not now concerned with the question as to the power of the husband alone to dispose of premises held with his wife as tenants by entireties for here the offer was to show that Patrick and Ellen joined in the gift to John, which obviates this objection.

It was further objected that the testimony was inadmissible under the Statute of Frauds, upon the theory that real estate cannot, at law, by conveyed by parol gift; and, besides, that parol testimony would be inadmissible to defeat the record title.  A similar claim was advanced in *Waterman* v. *Moody,* 92 Vt. 219, 103 Atl. 325, where the question was whether declarations by one holding the title to real estate, against an existing interest, were admissible against a party succeeding to the title.  It was held that disserving declarations of a former owner made before parting with the title are admissible against those claiming under him on any issue relating to title, ownership or possession which may be proved by parol evidence.  The Statute of Frauds is in no way involved, as the defendants are not seeking to have a contract respecting real estate enforced.  It may be conceded that a parol gift of land conveys no title and operates only to create a mere tenancy at will, capable of revocation or disaffirmance by the donor at any time before the bar of the statute is complete.  But no principle is better settled than that a parol gift of land may ripen into a perfect title by adverse possession.  1 R. C. L. 753; 2 C. J. 150.  All that the defendants claimed was the right to show that John Hogan went into posses-

sion under a parol gift, as affecting his acquisition of title by adverse possession.

It was held in *Pope* v. *Henry,* 24 Vt. 560, 565, that one going into the possession of land under a parol gift, and remaining quietly in possession for 15 years acquires good title by the mere acquiescence of the donor; and that the possession is regarded as quiet unless interrupted by a forcible ouster, or legal proceedings for that purpose. At least there can be no doubt that such a gift, accompanied by entry thereunder with claim of ownership, would evidence the beginning of an adverse possession which, if continued without interruption for 15 years, would mature into a good title.

It has been held that a gift of land by parol, accompanied by an actual entry and possession, manifests the donee's intention to enter and take as owner and not as tenant. *Mitchell* v. *Chicago, B. & Q. Ry. Co.,* 265 Ill. 300, 106 N. E. 833; *Nulton* v. *Nulton,* 247 Pa. 572, 93 Atl. 630; *New Haven Tr. Co.* v. *Camp,* 91 Conn. 539, 71 Atl. 788. It follows that it was vital to the defendants' claim to show that the original entry was not in subordination to the title of Patrick and Ellen; for, if John's entry was under this title and not under the gift, much more would be required to set the statute in motion. Then, to give the possession an adverse character, either actual notice of an adverse claim would have to be brought home to the owners, or some overt, notorious and unequivocal act or acts indicating a disavowal of their title of such a character that notice would be presumed, would have to be shown. See *Waterman* v. *Moody, supra; Kirley* v. *Kirley,* 236 Ill. 255, 86 N. E. 259.

The suggestion that defendants ought not to be heard to complain, because while the witness was on the stand in surrebuttal the court told the defendants they might show that John went into possession under a gift to meet plaintiff's evidence that it was under a lease, is without force. It would be doubtful if a full opportunity to show the gift at that stage of the trial would have cured the error. The defendants were entitled to have their evidence of a gift appear as the basis of their claim of adverse possession; while the most they were offered was the opportunity to show the fact to rebut the plaintiff's evidence of a tenancy, introduced in rebuttal of their evidence of adverse possession. But reference to the transcript shows that the offer to show the gift by Catherine being renewed, the court ex-

cluded it on the ground of incompetency; so there is no possible theory on which it can be said that the error was cured.

Repeated declarations of both Patrick and Ellen, in the nature of admissions that John owned the property, made while they retained the title, were offered and excluded. Such declarations are ordinarily admissible to support an alleged gift. 12 R. C. L. 971. That they are admissible against privies in title, if otherwise admissible, is held in *Waterman* v. *Moody, supra.* It remains to consider whether an admission by one tenant by entireties is evidence against the other. One of the offers was to show an admission made by one in the presence and hearing of the other. That it was error to exclude the admission thus made is manifest. See 4 Wig. Ev. § 2232. What shall be said of those that were made by one when the other was not present?

The question of the admissibility of declarations or admissions of a husband or wife when offered against the other spouse is affected materially by the statute removing the disqualification of privilege. However it may have been before the statute made the husband and wife competent witnesses for or against each other, it cannot now be doubted that their statements in the nature of declarations of a grantor or possessor of property are admissible, if they satisfy the requirements as to the admissibility of similar statements of parties not husband and wife. 4 Wig. Ev. § 2232. In other words, the question is unaffected by the marital relation, except as the statute expressly provides.

To render these admissions receivable against the plaintiff they would have to be admissible against Patrick and Ellen, if they had brought this action before parting with title. Whether the admissions of one not made in the presence and hearing of the other would have been evidence against both depends upon the character of their interest in the property. It is well settled that statements of a joint owner affect the other owners, if there exists an identity of legal interest at the time the statements were made. 2 Chamb. on Ev. § 1318 a; 2 Wig. Ev. § 1081. See *Bank of U. S.* v. *Lyman,* 20 Vt. 666, Fed. Cas. No. 924. But it is necessary that there be identity and not merely community of interest. *Blondin* v. *Brooks,* 83 Vt. 472, 76 Atl. 184. 1 Green Ev. §§ 174, 176. The legal interest of tenants by entireties is not identical. While in such an estate the husband and wife are each seized of the whole by a single title with equal right of survivorship, and to this extent have a joint interest, as against

the wife, the husband has, in addition, during their joint lives a freehold interest by which he takes the possession and usufruct of the whole as marital rights.   During this period the wife has no control over the property and no interest therein, except the right of homestead (if there be one) and the right of survivorship.   *Corinth* v. *Emery,* 63 Vt. 505, 22 Atl. 618, 25 Am. St. Rep. 780; *Laird* v. *Perry,* 74 Vt. 454, 52 Atl. 1040, 59 L. R. A. 340; *Citizens Sav. Bk. & Tr. Co.* v. *Jenkins,* 91 Vt. 13, 99 Atl. 250. This being so, an admission by Ellen that John owned the property could not be used to deprive Patrick of the possession and income of the premises; nor could his admission to the effect that John had acquired title by adverse possession be set up against her right of survivorship.   It follows that it was not error to exclude the admission of one made in the absence of the other.

Neither was it error to exclude the offer to show an attempt by Catherine Hogan after her husband's death to borrow money for the payment of taxes, accompanied by a declaration that she owned the premises.   She was not seeking to tack her possession to that of her husband to make out the necessary time, but stood on a title perfected by adverse possession before the death of her husband.

The defendants argue an exception to testimony given by Ellen Hogan with reference to a contract of lease under which plaintiff claimed John went into possession, on the ground that she was incompetent to testify on that subject.   We might dispose of the question by saying that it was not sufficiently raised by the exception; but as the question will doubtless arise at the retrial, it seems advisable to consider it.   The witness was a party to the claimed contract and the other party was dead. She was therefore incompetent to testify on the subject, except to meet or explain the testimony of living witnesses produced against the plaintiff who was invoking the contract.   *Rickard* v. *Dana,* 74 Vt. 74, 52 Atl. 113; *Foster* v. *King's Est.,* 73 Vt. 278, 50 Atl. 1061.   But under the exception in the statute she was a competent witness to give evidence that would meet and explain facts testified to by such witnesses and legitimate inferences deducible therefrom.   *In re Bugbee's Will,* 92 Vt. 176, 102 Atl. 484.   With the evidence received that was offered to show a gift, there would be no question but that her testimony as to a lease would be admissible.   It is unprofitable to consider how it would be otherwise.

17

The defendants excepted to the charge that the burden was upon them to show that their possession was adverse. The claim is that if there was a gift of the property there would be a presumption that John occupied thereunder claiming ownership, and that the burden would be on the plaintiff to show the contrary. But conceding that there would be such a presumption, still the burden of proof, as distinguished from the burden of evidence, would be where the court placed it, aided, to be sure, by the presumption. See *Rutland Ry. L. & P. Co.* v. *Williams,* 90 Vt. 276, 98 Atl. 85.

*Reversed and remanded.*