WILLIAM T. MERRILL, ADMINISTRATOR OF J. P. BROWN, *v.* STREETER PINNEY.

*General Statutes,* § 24, *chap.* 36.     *Administrator.     Evidence. Witness.*

The plaintiff, among other things, gave evidence tending to prove certain admissions made by the defendant since the decease of the intestate, and rested his case. The defendant then offered himself as a witness in his own behalf to explain and contradict such admissions, to which the plaintiff objected ; objection overruled, and the defendant testified as he had offered. *Held* that in this there was no error.

*Held* that the words "contract in issue," in the exception to the proviso of section 24 of chapter 36 of General Statutes, mean the same as contract in dispute or in question, and relate as well to the substantial issues made by the evidence as the formal issues made by the pleadings.

To warrant the reversal of a judgment of the county court by this court, error must affirmatively appear.

It not appearing in this case whether the admissions in question were made before or after the appointment of the administrator, and whether it is material to the admissibility of the evidence that it should have related to a matter transpiring after the appointment, is not decided. This court cannot assume that they were made before, and on that assumption predicate error.

*Hollister, Adm'r of Barrows,* v. *Young,* 42 Vt., 403, commented upon and approved.

GENERAL ASSUMPSIT by the plaintiff as administrator of J. P. Brown. Plea, the general issue, and trial by the court at the May term, A. D. 1870, BARRETT, J., presiding. Judgment for the defendant and exceptions by the plaintiff. All the material facts in the case are stated in the opinion of the court.

*Sewall Fullam,* for the plaintiff.

*Wm. Collamer,* for the defendant.

The opinion of the court was delivered by

PECK, J.   To support the issue on his part, the plaintiff, among other things, gave evidence of admissions made by the defendant since the decease of the intestate.   The defendant then offered himself as a witness in his own behalf to contradict and explain such admissions.   The court having admitted the defendant against objection by the plaintiff, the question is, whether the defendant was a competent witness for that purpose.   The ground of objection urged is the proviso in the statute allowing parties to testify, " that where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor."   It is claimed on the part of the defense that this evidence, for the purpose and to the extent the defendant testified, was admissible under the exception in the *proviso* " *as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator.*"   It is insisted on the part of the plaintiff that the words " *acts and contracts,*" mentioned in this branch of the exception, are confined to such " *acts and contracts* " as constitute the cause of action *upon which the suit is predicated,* and do not extend to acts and contracts coming collaterally in question in the course of the trial.   But in *Hollister, Adm'r of Barrows, v. Young,* 42 Vt., 403, it was held that the other exception in the same *proviso,* of " *contract in issue,*" " *originally made with a person who is still living and competent to testify,*" is not limited to the contract on which the action is brought, or to contracts formally in issue by the pleadings ; but embraces also such as arise incidentally and collaterally in question in the evidence.   That was an action of ejectment in which the plaintiff claimed to recover a lot of land of which the defendant was in possession.   The defendant claimed title by possession, claiming that his possession was adverse to the plaintiff, commencing previous to 1851 and continuing to the time of trial in 1868, and introduced evidence tending to establish it.   Hollister, the administrator, had testified that in June, 1851, he bargained with the intestate for the lot in question, but took no deed ; which bargain was given up the next September ; that in September of that year, before the decease of the intestate and before the bargain for the purchase of the lot

was given up, he, Hollister, employed the defendant to look after the lot for him and notify him if. any one was trespassing on his land, which the defendant agreed to do ; and that defendant did, in the winter of 1851-2, notify him that certain persons were cutting timber on the lot. It was decided that the defendant was a competent witness as to the contract Hollister had testified to as made with the defendant, contradicting the evidence of Hollister in relation to it. It is held in that case that the words " *contract in issue,*" in the exception in the *proviso,* mean the same as contract in dispute or in question, and relate as well to the substantial issues made by the evidence as to the formal issues made by the pleadings. That case is decisive against the construction of the words " *acts and contracts* " contended for by the plaintiff's counsel in this case, as there is no reason why these words should receive a more narrow construction in this respect than the words in the same proviso under which that case was decided. This disposes of the only question presented by the counsel of the excepting party, and the result is, the exception cannot prevail.

It may be remarked that, although it is stated in the exceptions that the alleged admissions of the defendant, which the defendant was admitted as a witness to contradict, transpired after the decease of the intestate, it is not stated whether they were made, if at all, before or after the appointment of the administrator. If it is material to the admissibility of the evidence that it should have related to a matter transpiring after the appointment of the administrator, (and whether material or not we do not decide,) this court cannot assume that it related to matter which transpired before the appointment of the administrator, and on that assumption predicate error. To warrant the reversal of a judgment of the county court by this court, error must affirmatively appear ; and in this case we are the more satisfied that the application of this rule does no injustice to the excepting party, for the reason that the counsel on both sides have argued the case as depending on the construction, in the particular already stated, of the exception, " *as to such acts and contracts as have been done or made*

*since the probate of the will or the appointment of the administra-
tor*," without a suggestion that the evidence did not *in point of
time* come within that exception.

Judgment affirmed.