JEREMIAH HALL v. MORRIS E. HAMBLETT.

*Party. Witness. Disqualification by Death of the Other Party. Gen. Sts. c. 36, s. 24.*

In trover for a wagon, it appeared that defendant bought it of the administrator of the estate of the original owner. Plaintiff offered to testify that he bought it of the original owner in his lifetime. *Held*, that although conversion was the gist of the action, yet, as the fact of conversion depended on the fact of purchase by plaintiff, and as the administrator was bound to defend title in defendant, and so, interested in the event of the suit, the alleged contract of sale from the original owner to plaintiff was " in issue and on trial," within the meaning of s. 24, c. 36, Gen. Sts.; and that plaintiff was, therefore, under the statute, an incompetent witness.

TROVER for a wagon. Plea general issue, and trial by the court, June Term, 1878, POWERS, J., presiding.

It appeared that Randall Hall, plaintiff's brother, originally owned the wagon and had possession of it until his death, when his administrator sold and delivered it to the defendant, of whom the plaintiff afterwards demanded it.

The plaintiff claimed to own the wagon, and offered to testify that said Randall at some time offered the wagon for sale at auction, and employed the plaintiff to bid it off as a by-bidder unless it should sell for $75, but instructed him to let it be sold regularly if an offer of that sum, or more, was made; that no offer of that amount was made, whereupon the plaintiff bid $75 and the wagon was struck off to him, and he paid said Randall the sum named; and that after that sale he rented the wagon to said Randall. But the court ruled that the witness was incompetent, and excluded his testimony; to which the plaintiff excepted.

The court found that the title to the wagon was in Randall Hall, and passed by the sale by his administrator to the defendant, and rendered judgment for the defendant accordingly.

*Perrin & McWain*, for the plaintiff.

The plaintiff was a competent witness. Conversion was the gist of the action. The contract between the plaintiff and the in-

testate is collateral merely, and not *in issue and on trial*, within the meaning of the statute. Gen. Sts. c. 36, s. 24; *Manufacturers' Bank* v. *Scofield*, 39 Vt. 590; *Cole* v. *Shurtleff*, 41 Vt. 311; *Morse* v. *Low*, 44 Vt. 561; *Downs* v. *Belden*, 46 Vt. 674; *Taylor* v. *Finley*, 48 Vt. 78; *Davis* v. *Windsor Savings Bank*, 48 Vt. 532, 536.

*Heath & Carleton*, for the defendant.

The plaintiff was incompetent. Gen. Sts. c. 36, s. 24. The defendant's vendor would be bound to make good the title to the wagon, and was therefore interested in the suit. The title to the property is the real matter in controversy. The plaintiff claims title through purchase of the intestate. The intestate was thus one of the original parties to the contract here in issue. *Hollister* v. *Young*, 42 Vt. 403; *Merrill* v. *Pinney*, 43 Vt. 605; *Davis* v. *Windsor Savings Bank*, 48 Vt. 532; *Fitzsimmons* v *Southwick*, 38 Vt. 509. The case is distinguishable from cases where the contract has been held to be collateral. See *Downs* v *Belden*, 46 Vt. 674.

The opinion of the court was delivered by

Ross, J. Both parties claim title to the wagon in controversy from Randall Hall, deceased, the plaintiff, by purchase from Randall Hall in his lifetime, and the defendant, by purchase from the administrator on Randall Hall's estate. The wagon remained in the possession of Randall Hall during his life, and came into the possession of the administrator as a part of his estate. If the defendant is liable for the conversion of the wagon by refusing to deliver it on demand to the plaintiff because of his purchase of it from the administrator, the administrator was guilty of a conversion of the wagon as against the plaintiff by the sale of it to the defendant. Having sold it to the defendant as a part of the estate, the administrator, and through him the estate, is bound to defend the title to the wagon in the defendant. Hence the estate, though not a party, is interested in the event of the suit. It is true, in trover the conversion is the gist of the action; but whether there was a conversion depended upon whether the plaintiff pur-

chased the wagon of Randall Hall in his lifetime. Without es-tablishing such purchase the plaintiff fails to make out a *prima facie* case. Therefore, such purchase or contract was involved in the issue on trial. The plaintiff could not safely rest his case without introducing proof to establish his purchase of the wagon. The plaintiff offered himself as a witness to establish such pur-chase. The County Court properly excluded him from testifying. He is within both the letter and spirit of the prohibition of sec-tion 24, c. 86, Gen. Sts., disallowing the testimony of " one of the original parties to the contract or cause of action in issue and on trial" in his own favor, where the other party is dead. Not only was the establishment of his purchase of the wagon a necessary part of the plaintiff's proof to make out a right of recovery in the action, but also its establishment involved in its consequences the estate of Randall Hall, from the administrator of which the defendant derived his title.

We think the case is clearly distinguishable from *Manufacturers' Bank* v. *Scofield*, 39 Vt. 590; *Cole* v. *Shurtleff*, 41 Vt. 311; *Morse* v. *Lowe*, 44 Vt. 561 ; *Downs* v. *Belden*, 46 Vt. 674; *Tay-lor* v. *Finley*, 48 Vt. 78, in which it was held that the living party to a contract not directly involved in the issue on trial, but only coming in collaterally as a fact bearing upon the issue on trial, and in the trial of which issue the estate of the deceased party was in no respect interested or involved, was not within the prohi-bition of the statute. Says PROUT, J., in *Cole* v. *Shurtleff*, " The design of the statute was to exclude a party from testifying when the other party to the contract in issue and on trial has died, and when in the action such deceased party is represented by an exec-utor or administrator, and contemplates a suit or proceeding, the determination of which may affect the estate of the deceased party." Says PECK, J., in *Taylor* v. *Finley*, " Neither the exec-utor nor administrator of the estate of Batchelder, deceased, is a party to the suit; nor does it appear that the estate of Batchelder is to gain or lose by the event of the suit." PIERPOINT, C. J., in *Downs* v. *Belden*, the case most relied on by the plaintiff, makes use of this language : " James Belden's estate is in no sense a party to this suit, or in any way interested in, or

to be affeected by, the result, and for that reason the case does not come within the *spirit* of the statute, or the principle recognized in *Fitzsimmons* v. *Southwick* and *Cheney* v. *Pierce*, 38 Vt. 509, 515, and that class of cases. We think the purchase of the property by the plaintiff, of James Belden, was a matter collateral to the cause of action in issue and on trial. It was material and admissible, as bearing upon the question involved, but did not form the basis of the action or of the defence." In the case at bar the action, though in name between the plaintiff and defendant, was in fact, and in its consequences, between the plaintiff and Randall Hall's estate.

*Judgment affirmed.*