### F. T. PEMBER v. C. H. CONGDON.

*Witness, One Party to the Contract Deceased.   Ejectment.*
*Betterments.*

1. In an action of ejectment where both the plaintiff and defendant c'aim to have
   derived their interest in the premises in question from the same party, (now
   deceased), the one as heir, and the other by contract, the defendant, under our
   statute, is not a witness in his own behalf, to prove that such party agreed by
   parol to deed the premises to him on his paying $150, and that he paid it ; as
   this was the contract " in issue and on trial."
2. On motion of the defendant the cause was remanded if a declaration for better-
   ments was filed under the statute.
3. R. L. s. 1002—witness act—construed.

EJECTMENT.   Plea, general issue.   Trial by court, September
Term, 1882, VEAZEY, J., presiding.   Judgment for the defendant.

The court found that L. D. Pember formerly owned the land in
question ;  that in 1854 he deeded the same with other lands to
Ruel Pember ; that in 1879 the administratrix of said Ruel Pem-
ber's estate conveyed the lands in question to the plaintiff ; that
L. D. Pember remained in possession after his deed of 1854 ; that
he sold and conveyed by deed to other parties several different
portions of said lands ;  that said Ruel conveyed these lands so
sold back to L. D. Pember, and also a part to a son of L. D.
Pember.   The court also found that L. D. Pember occupied said
lands as the tenant of Ruel Pember, and paid rent ; that said L.
D. executed a mortgage to the defendant ; and that the defendant
foreclosed his mortgage, making L. D. Pember only a party
thereto, and by virtue thereof took possession of the premises.

On trial the defendant was allowed to testify, against the ob-
jection of the plaintiff, that Ruel Pember, not long before his death
agreed with him, defendant, that if he would pay one Baker $156
for the said L. D. Pember, that he, the said Ruel, would make
no claim to the premises as against said mortgage ; and that he,
defendant, paid said sum to said Baker.   The court found that
this testimony was true.

*W. C. Dunton* and *Edward Dana,* for the plaintiff.

Defendant is not a witness under our statute. R. L. s. 1002; *Merrill* v. *Pinney,* 43 Vt. 605; *Davis* v. *Bank,* 48 Vt. 538; *Ins. Co.* v. *Wells,* 53 Vt. 14; *Hall* v. *Hamblett,* 51 Vt. 590; 38 Vt. 509.

*Joel C. Baker,* for the defendant.

The original parties to the contract or cause of action in issue and on trial were Ruel Pember and L. D. Pember. The fact, to which the defendant testifies, bears upon the cause of action on trial, but it comes in collaterally only, and does not bring the cause within the terms of R. L. s. 1002. *Lytle* v. *Bond,* 40 Vt. 618; *Cole* v. *Shurtliff,* 41 Vt. 311; *Morse* v. *Low,* 44 Vt. 561; *Chaffee* v. *Hooper,* 54 Vt. 513.

The opinion of the court was delivered by

TAFT, J. This is an action of ejectment. The plaintiff is entitled to a judgment unless the testimony of the defendant was properly admitted. He, the defendant, testified that he made a contract with Ruel Pember, from whom the plaintiff's title is derived, by the terms of which said Ruel was to make no claim to the demanded premises, as against the defendant's title, and claims that such contract created an estoppel. It is conceded by the defendant, that if this contract was the one " in issue and on trial," then he would be incompetent as a witness under s. 1002, R. L. He claimed that the contract afforded him a full defence; and the case shows that it was a substantial issue on trial. " The words, *contract in issue,* as used in the statute, mean the same as contract in dispute or in question, and relate as well to the substantial issues made by the evidence as to the merely formal issues made by the pleadings." *Hollister* v. *Young,* 42 Vt. 403. It is unnecessary to decide whether the contract, if proved, would amount to an estoppel or not. The testimony of the defendant should have been excluded. Judgment reversed, and judgment for the plaintiff for the seizin and peaceable possession of the premises; but on motion of defendant the cause is remanded if declaration for betterment is filed under the statute.