## JOSEPH H. ENRIGHT v. WILLIAM P. DODGE.

*Chattel mortgage. Increase of animals.*

1. The plaintiff's mortgage covered "one brown mare twelve or thirteen years old." When the mortgage was executed the mare was with foal, and the defendant subsequently bought the colt in good faith after it had ceased to follow the mother for the purpose of nurture. *Held*, that the plaintiff had no title to the colt as against the defendant, for it was not fairly embraced within the description, and the plaintiff had never taken possession of it.

2. Nor would it alter the case if the defendant was informed at the time of purchasing the colt, that the mother was mortgaged to the plaintiff, but the colt was not.

Trover for a colt. Plea, the general issue. Heard at the December term, 1889, Ross, J., presiding, upon an agreed statement of facts. Judgment for the defendant. The plaintiff excepts.

*J. C. Enright* and *J. J. Wilson*, for the plaintiff.

The plaintiff acquired title to the colt under his mortgage. *Clark* v. *Hayward et al*, 51 Vt. 14; *Boynton* v. *Bradley*, 54 Vt. 92; *Forman et al*, v. *Proctor et al*, 9 B. Monroe 124; *Thorpe Bros. & Co.* v. *Cowles et al*, 65 Iowa 408; *Kellogg* v. *Loveley*, 46 Mich. 130; *Evan et al*, v. *Meriken*, 8 G. & J. 39.

*Geo. L. Fletcher*, for the defendant, cited

Jones Chat. Mort., s. 150; *Buckmaster* v. *Smith*, 22 Vt.203; *Church* v. *McLeod*, 58 Vt, 541; *Morgan* v. *Kidder & Robinson*, 55 Vt. 367; *Calkins* v. *Clement*, 54 Vt. 634.

The opinion of the court was delivered by

START, J. The plaintiff claims title to the colt in question under a chattel mortgage of its mother, in which the colt is in no way referred to, and its mother is described as "one brown

Joseph H. Enright *v.* William P. Dodge.

mare twelve or thirteen years old." The mare was with foal at the time the mortgage was executed, but the mortgage contained no reference to her use or increase. The colt was four months old, weaned, and in the possession of the mortgagor at the time the defendant in good faith bought it of the mortgagor, paying full value therefor. The defendant was told at the time of the sale that the mare was mortgaged to the plaintiff, but that the colt was not mortgaged or incumbered.

If the plaintiff had title to the colt by reason of this mortgage upon its mother, such title was in-operative as against a purchaser or attaching creditor, and the defendant acquired good title by his purchase of the mortgagor. R. L. 1966 ; *Parker* v. *Chase and Buck*, 62 Vt. 206 ; *Longey* v. *Leach*, 57 Vt. 377 ; *Darling* v. *Wilson*, 60 N. H. 59 (49 Am. Rept. 305); *Funk* v. *Pond*, 64 Wis. 35 (54 Am. Rept. 576) ; *Rogers* v. *Highland*, 69 Iowa 504 (58 Am. Rep. 230); *Morrill* v. *Noyes*, 56 Maine 458 (96 Am. Dec. 486).

R. L. 1966 provides that a mortgage of such personal property shall not be valid against any person except the mortgagor,his executors and administrators, unless the possession of the property is delivered to, and retained by, the mortgagee, or the mortgage is recorded in the office of the clerk of the town in which the mortgagor resides at the time of making the same, or if he resides out of the State, in the town in which the property is situated.

Before the enactment of this statute, a mortgage of personal property was void as against subsequent purchasers and attaching creditors, unless the mortgagee took and retained possession of the property. *Woodward* v. *Gates*, 9 Vt. 358 ; *Tobias* v. *Francis*, 3 Vt. 425 ; *Kendall* v. *Samson*, 12 Vt. 515. The only change made by this statute is to authorize the recording of the mortgage in lieu of possession of the mortgaged property by the mortgagee, and as equivalent to it. Such recording is constructive notice to third parties subsequently dealing with the prop-

erty of the rights and interest of the mortgagee. Such constructive notice is co-extensive with the contents of the mortgage so recorded; but, from the very nature of things, it cannot be constructive notice of a fact in no way referred to in it. The purpose of recording the mortgage is to give notice that the person in possession of the property is not the absolute owner; and to effectuate this purpose, there must be such a description of the chattel in the mortgage as will enable the purchaser or attaching creditor to discover the true state of the title. If the mortgage falls short of this, it does not answer the requirements of the statute, and is void as against all persons " except the mortgagor, his executors and administrators."

By the construction given to this statute in the case of *Parker* v. *Chase and Buck, supra,* every distinct chattel must be so described in the mortgage itself that a third person, aided by inquiry which the instrument itself suggests, will be able to identify it; nothing short of this will impart notice to a purchaser. The plaintiff's mortgage contained nothing to suggest inquiry in regard to the colt, therefore it was not constructive notice that the colt was mortgaged. At the time the defendant bought the colt, the period of nurture had passed. It was no longer connected with its mother for any purpose. It was a chattel, distinct from its mother. Being a distinct chattel, it was not included within the description of the mother nor an incident of the mortgage. There was nothing in its then relation to its mother to suggest that it was incumbered by the mortgage upon her. There is nothing in the description, " one brown mare twelve or thirteen years old," to suggest that a colt four months old, and no longer following its mother for nurture, is mortgaged. The colt would not have been a chattel more distinct and separate from its mother if it had been five years old. It was such a chattel as the law requires the mortgagee to have in his possession or described in a recorded mortgage.

But it is claimed that the notice given to the defendant at

the time of sale, that the mother was mortgaged, was sufficient to suggest inquiry in regard to the ownership of the colt. The notice thus given was, in effect, nothing more than the constructive notice given by the recording of the mortgage. The colt being a chattel distinct from its mother, the record of the mortgage was only notice that she was mortgaged. The notice given at the time of the sale was nothing more. If he had examined the record of the mortgage, he would have found nothing to suggest the necessity of inquiry as to the ownership of the colt; such examination would only confirm the statement made by the mortgagor that the colt was not mortgaged. He had such notice only of title in the mortgagee as the mortgage itself gave purchasers and attaching creditors, and it is immaterial whether the notice was actual or constructive. *Longey* v. *Leach, supra.* There was nothing in the actual or constructive notice to suggest an inquiry that would enable the defendant to discover any title to the colt that would be superior to his own as purchaser. If he had received notice before the sale of all the facts now disclosed, the plaintiff's title would be inoperative as against him. Such notice would be only notice of a title in the plaintiff that the law declares inoperative as against him. The plaintiff has not observed the law relating to chattel mortgages. He did not have possession of the colt, nor did he have on record a mortgage in which it was described with sufficient definiteness to enable a purchaser or attaching creditor, aided by inquiry suggested by the instrument itself, to discover his title. Having neither possession nor such a mortgage on record, his title is inoperative as against all persons " except the mortgagor, his executors and administrators."

*Judgment affirmed.*