## J. H. McLoud, assignee, *vs.* A. E. Wakefield.

### May Term, 1898:

Present: Ross, C. J., Taft, Rowell, Tyler, Munson, Start and Thompson, JJ.

*Chattel Mortgage—Mortgagee May Take Possession Before Breach—Defects Cured by Possession Taken before Insolvency Proceedings—After-acquired Goods.*

A sale and delivery, even without written assignment, of a chattel mortgage and the notes secured thereby, gives the purchaser authority to foreclose as agent of the mortgagee.

If there is no stipulation to the contrary in a chattel mortgage the mortgagee may take possession at any time, although there has been no breach of the condition.

A chattel mortgage that is good between the parties, and was made more than four months before insolvency proceedings, is good against the mortgagor's assignee in insolvency, notwithstanding defects in the record and execution, if possession is taken by the mortgagee before the filing of the petition.

A mortgage of a stock of merchandise, framed to cover goods that may be acquired in place of such as may be sold, is valid as to such new goods,

against the mortgagor's assignee in insolvency, upon possession thereof being taken by the mortgagee before the filing of the petition, if the mortgage itself was made more than four months before such filing.

REPLEVIN of a stock of hardware. Tried by court, December Term, 1897, Caledonia County, *Thompson*, J. presiding. *Pro-forma* judgment for the defendant. The plaintiff excepted.

The plaintiff is assignee in insolvency of Lawson Brothers, and the defendant a deputy sheriff. The mortgage was framed to include such goods as might be purchased to replace those sold from the mortgaged stock, and contained a promise on the part of the mortgagors to keep the stock good.

*Taylor & Dutton* for the plaintiff.

The mortgagor is entitled to possession until breach. *Calkins* v. *Clement*, 54 Vt. 637; *Kimball* v. *Sattley*, 55 Vt. 285; *Denno* v. *Nash*, 60 Vt. 334; *Peabody* v. *Landon*, 61 Vt. 321; Jones, Ch. M. § 190; V. S. 2253.

There was no sufficient assignment of the mortgage to the Stove Co. *Batchelder* v. *Jenness*, 59 Vt. 104; Jones Ch. M. § 503.

*B. E. Bullard* and *C. G. Austin* for the defendant.

THOMPSON, J. If the Bussey & McLeod Stove Co., for whom the defendant acted in taking possession of the goods replevied, had a right to take possession of the same, this action cannot be maintained. If the chattel mortgage of the goods from Lawson Brothers to W. P. Welch was invalid as to attaching creditors without notice, as claimed by the plaintiff, it was valid as between the parties thereto. A sale and delivery of the notes thereby secured to the Bussey & McLeod Stove Co., and a delivery therewith to them of the chattel mortgage, without an assignment thereof to them, authorized them as the agent of Welch to do whatever he had a right to do in the way of enforcing the mortgage against the Lawson Brothers.

If there is no stipulation in a chattel mortgage to the contrary, the mortgagee has at any time the right to take possession of the mortgaged property. Until this right is exercised the possession of the mortgagor is merely permissive. *Longey* v. *Leach*, 57 Vt. 377; *Enright* v. *Dodge*, 64 Vt. 502; Jones Chat. Mort. (1st ed.) § 426. There was no provision in this mortgage that the mortgagor should have possession of the property until condition broken, and therefore Bussey & McLeod Stove Co. had a right to take possession of the goods when they did, although no part of the principal or interest of the mortgage debt was then due. Their possession at the time the Lawson Brothers filed their petition in insolvency and when they were adjudged to be insolvent debtors, cured any defects there may have been, if there were any, which we do not decide, in the execution or record of the mortgage. Having taken possession of the goods covered by the mortgage, but purchased subsequent to its execution and delivery, such goods come under its cover and operation as of its date. *Peabody* v. *Landon*, 61 Vt. 318. There was no fraud in the execution of this mortgage as to the creditors of the Lawson Brothers, and it was executed more than four months before the adjudication of insolvency, so that it is in no way affected by that proceeding.

*Judgment affirmed.*