## A. J. FOSTER *v.* ESTATE OF A. S. KING.

May Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START and STAFFORD, JJ.

*Construction of special verdicts—Special verdicts not warranting judgment for defendant*—One King purchased property called the Paine place for $600, one-half of the purchase money being furnished by a Mrs. Tilson to whom King gave his note for $300. Later he deeded the place to Mrs. Tilson. After his death the note was presented to commissioners on his estate by the plaintiff, and passed upon by them. In County Court the plaintiff declared in assumpsit on the note, and the general issue, payment, and accord and satisfaction, were pleaded in behalf of his estate, and notice was given of the denial of the signature. On trial by jury no general verdict was rendered, but by special verdicts the jury found that the decedent signed the note, that it "entered into the transaction" of the purchase of the Paine place, but that it was not understood between the parties to the note that it should be satisfied and discharged thereby, and that the plaintiff bought the note of Mrs. Tilson before it was passed upon by the commissioners. These special verdicts did not permit judgment to be rendered for the defendant.

*Competency of witnesses—Surviving original party when other is dead —V. S. 1237*—The maker of a note having died, the disqualification of V. S. 1237 attached to the original payee when called as a witness in behalf of his endorsee in an action in which the note was the contract or cause of action in issue and on trial.

APPEAL from the disallowance of a claim by commissioners on the defendant estate. Trial by jury, Orange County, December Term, 1900, *Watson*, J., presiding. On special verdicts returned judgment was rendered *pro forma* for the defendant. Both parties excepted.

The exception of the plaintiff was to the judgment rendered. The defendant's exceptions related to the admission of evidence and to the charge of the court.

The plaintiff sought to recover upon a note for $300, dated May 6, 1898, payable to Bessie S. Tilson or order on demand and purporting to be signed by the decedent, A. S. King. It appeared that the Paine place, referred to in the opinion, was purchased by said King at some time in the spring of 1898, that King deeded the place to Mrs. Tilson January 5, 1900, and that King died January 23, 1900.

*J. D. Denison* for the plaintiff.

*Darling & Darling* for the defendant estate.

STAFFORD, J. The plaintiff seeks to recover upon a promissory note for $300 signed by the intestate, King, payable to Mrs. Tilson or order, and by her indorsed to the plaintiff. The action is assumpsit; pleas, the general issue, payment and accord and satisfaction with notice that the signature would be denied. By special verdicts the jury found that the intestate signed the note, and that the plaintiff bought it of Mrs. Tilson before it was disallowed by the commissioners upon the decedent's estate. They also found that although the note entered into the transaction of the purchase of certain property called the Paine place, it was not understood between the parties that it should be satisfied and discharged thereby. No general verdict was rendered, but upon these special verdicts a *pro forma* judgment was rendered for the defendant; and the first question concerns the correctness of this judgment.

It seems to us that upon the special verdicts the judgment ought to have been for the plaintiff. King purchased the Paine place for $600 taking the deed in his own name. One-half the sum was furnished by Mrs. Tilson, and the plaintiff's evidence tended to show that the note was given therefor.

This may be all that the jury meant in finding that the note entered into the transaction. The defendant's evidence tended to show that by virtue of her furnishing one-half the price, Mrs. Tilson became half-owner of the place; and it now claims that the finding of the jury that the note entered into the transaction is a finding that such was the fact; that the note was given merely as a safeguard to the trust—King holding the title for himself and Mrs. Tilson equally—so that when King, as he did later, deeded the place to Mrs. Tilson the note was, in law, paid, whether the parties understood it so or not. But in view of the express finding of the jury that the note was not understood to have been paid or satisfied, and in view of the fact that the note may have been given for the loan of the $300, we are unable to see how the defense is made out.

But the defendant contends, if this is so, that the verdicts cannot stand, for errors in the admission of evidence upon which they may have been based, and especially for error in allowing Mrs. Tilson to testify. She was admitted as a competent witness and "gave testimony in the plaintiff's behalf material to the issue in the case both as to matters transpiring before and since the death of King and before and since the appointment of the administratrix," among other things to facts bearing on the question whether the note had been paid and satisfied. The contract or cause of action in issue and on trial was the note, and one main question was whether the note had been extinguished while it was owned by Mrs. Tilson. She was one party to the contract and King the other. King having deceased, she was incompetent as a witness by virtue of V. S. 1237. *Insurance Co.* v. *Wells,* 53 Vt. 14.

*Reversed and remanded.*