## H. A. RICKARD, ET UX. *v.* KATE L. DANA.

October Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 4, 1902.

*Lease—Assignment—Acknowledgment—Termination—*
*Rights of Administrator—Witnesses—Competency.*

A lease which contains no provision against assigning or subletting is assignable, though it runs to the lessee without mention of his heirs or assigns.

Such a lease does not expire at the death of the lessee but passes to his administrator,—especially if it contains an option to purchase.

The assignment of a lease for so long as the lessors continue in ownership need not be acknowledged, since such ownership may terminate within one year.

In ejectment against an assignee of the lessee, parol evidence that it was verbally agreed between the parties to the lease that the premises should only be used for a certain purpose, or that the lessor would rent to no one but the lessee, is not admissible.

If such parol evidence was admissible, these plaintiffs are disqualified as witnesses thereto by the death of the lessee.

The sale by the lessee of a building erected by him on the leased premises, and, under the lease, removable at his pleasure, does not terminate the lease.

EJECTMENT. Plea, the general issue. Heard upon an agreed statement of facts at the March Term, 1900, Washington County, *Tyler,* J., presiding. Judgment, *pro forma,* for the plaintiff. The defendant excepted.

*John H. Senter* for the defendant.

The lease contained no covenant against an assignment and the tenant could assign his interest. Wood's Landlord & Tenant, 529; *Robinson* v. *Perry,* 21 Ga. 183; *Cooney* v. *Hayes,* 40 Vt. 482; 1 Pingrey on Real Property, 560; 1 Washburn on Real Property, 442.

Parol evidence to show an agreement between the parties not included in the written lease was not admissible. If it was, the plaintiff could not testify, as the other party to the contract, Ainsworth, is dead.

*J. P. Lamson* for the plaintiff.

The lease was not assignable for it only run to Ainsworth.

The assignment of it is void for lack of an acknowledgment. V. S. 2220. The lease, being between the plaintiffs and Ainsworth alone, terminated at his decease.

The building is real estate notwithstanding it is on the plaintiff's land. *Blanchard* v. *Bowers,* 67 Vt. 403. The ad-

ministrator sold the building by itself, and this terminated the lease.

STAFFORD, J.   The plaintiffs, Rickard and wife, owning the place in Woodbury where they lived, leased a corner of the yard to their nephew, Ainsworth, to be occupied by a small building which Ainsworth was to erect and own, and remove at his pleasure.   The rent reserved was five dollars a year, and the term was to be "as long in years as the said Rickards may own the property where they now live," and, in case they should sell, Ainsworth had the option to purchase the little lot at fifty dollars.   The lease ran to Ainsworth without mention of heirs or assigns, but without any stipulation against subletting or assigning.   This was June 22, 1895.   Soon afterwards Ainsworth put the building on the lot, paying the rent in advance for that year, as he did for each succeeding year while he lived.   He died in August, 1898, leaving the rent paid to June 22, 1899.   The building was occupied as a barber-shop, part of the time by Ainsworth himself and part of the time by his under-tenant.   After Ainsworth died, his administrator sold and conveyed the building by itself to the defendant, and a little later assigned to her all the right, title, and interest which the estate had in the lease.   The defendant on the 21st day of June, 1899, tendered the rent for the coming year and on the 23d day the plaintiffs notified her that the lease had expired and that she must remove the building; but they still own the premises where they lived when the lease was made.   The defendant occupies the building as a milliner's shop.

The action is ejectment, commenced September 9, 1899; and in the court below was disposed of *pro forma* upon an agreed statement.

The plaintiffs make four points:

1.   That the lease is not assignable, and expired at Ainsworth's decease.

2.   That the assignment is void, not having been acknowledged.

3.   That the plaintiffs have a right to show by their own parol testimony (as it is admitted they can if they have the right) that when the lease was made it was agreed orally between the plaintiffs and Ainsworth that the building should be used only for a barber-shop, and that the plaintiffs refused to lease to any one but him.

4.   That the building being real estate under the holding in *Blanchard* v. *Bowers,* 67 Vt. 403, 31 Atl. 848, the conveyance of it by itself put an end to the lease.

We decide as follows:

1.   The lease is assignable—*Cooney* v. *Hayes,* 40 Vt. 482, 94 Am. Dec. 425—and passed to the administrator. Taylor's Landlord and Tenant, §434; 1 Washburn's Real Property, *368; *Sears* v. *Hind,* 1 Vesey, Jr., 294. Especially, in view of the option to purchase. *Robinson* v. *Perry,* 21 Ga. 183, 68 Am. Dec. 455.

2.   V. S. 2220, which requires the assignment to be acknowledged, etc., "if the lease is for a longer term than one year," does not apply, for the present lease was only for so long as the lessors should continue owners, which might be less than a year.

3.   The parol testimony is not admissible, for its effect would be to add a new provision to the lease. Even if it were admissible, the plaintiffs could not testify, the other party to the contract being dead. V. S. 1237; *Foster* v. *Estate of King,* 73 Vt. 278, 280, 50 Atl. 1061.

4.   For the conclusion of the fourth proposition no authority is cited; no reason is offered why it should be so, and we see none. ᾽

*The pro forma judgment is reversed and judgment for the defendant to recover her costs.*