STATE v. ALLEN SANDERSON.

February Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed April 8, 1910.

*Criminal Law — Adultery — Evidence — Trial — Remarks of Counsel.*

In a prosecution of a man for adultery where the evidence tends to show that the woman lived in his family for four years, with opportunity of criminal intimacy, during which time there were two acts of intercourse about two years apart, evidence is admissible that the woman gave birth to a child a little more than a year after the first act shown.

The State was properly allowed to show that on the death of the child the respondent obtained a burial permit and buried the body in a cemetery on his farm, and that no one else was present.

Evidence merely of a former arrest of a respondent is not admissible to discredit him as a witness, and hence, in a prosecution for adultery, it is error to admit evidence that respondent had been arrested for bastardy.

In a prosecution for adultery, where the evidence tended to show that respondent's paramour had been given money and taken to the station by him, it was not improper for the State's attorney, in his

argument to the jury, to remark that no one knew better than the respondent why the woman was not present to testify.

INDICTMENT for adultery.   Plea, not guilty.   Trial by jury at the September Term, 1909, Rutland County, *Stanton,* J., presiding.   Verdict, guilty, and judgment thereon.   The respondent excepted.   The opinion states the case.

*William H. Botsford* and *T. W. Moloney* for the respondent.

It was error to admit evidence that respondent had been arrested for bastardy, as that amounted to allowing evidence as to his character when he had not put his character in issue.   *Sias* v. *Consolidated Lighting Co.,* 73 Vt. 35; *State* v. *Broderick,* 61 Vt. 421; *State* v. *Kelley,* 65 Vt. 536; *State* v. *Hannett,* 54 Vt. 87.

*J. C. Jones,* State's Attorney, for the State.

MUNSON, J.   The respondent is charged with having committed adultery with a woman who worked and lived in his family from September, 1905 to September, 1909.   There was evidence tending to show that they were seen in sexual intercourse on a certain highway in August, 1907.   There was also evidence of an act of intercourse in the summer of 1909, the place of which is not shown.   Nothing else appears regarding the conduct of the parties, and nothing indicating how they lived in the respondent's house.

The State was permitted to show that the woman gave birth to a child in September, 1908; and the respondent insists that this was error, in view of the time that elapsed between the alleged sexual act and the birth.   But the relevancy of this fact did not depend upon its correspondence in time with some act which the State could show.   There was evidence of an act of intercourse after the birth of the child as well as before, and all three occurrences were during the time that the woman was living in the respondent's house.   These acts of intercourse, although two years apart, tended to establish the existence of an adulterous disposition during the intervening time, and the fact of their living in the same house was some evidence of the existence of opportunities available to persons thus criminally intimate and inclined.   We think it was permissible to show that the woman

gave birth to a child within this period. This fact being admissible, it was proper to show that upon the death of the child the respondent obtained a burial permit, and buried the body in a cemetery located on his farm, and that no one else was present.

The State produced as witnesses Dana Aldrich and Charles Aldrich, and the evidence of the respondent tended to show that the Aldriches had an ill-feeling towards him. The State then showed by a cross-examination of the respondent that during the time of this ill-feeling the attitude of Dana Aldrich towards him was quite friendly, and that he had once bailed him. The State was then permitted to ask, under exception, what kind of a case it was, and the respondent replied that he was arrested for bastardy and the witness bailed him. Referring to this evidence, the State's attorney said to the jury in argument that the respondent admitted that Dana Aldrich had bailed him in another case which involved a similar transaction. Proof merely of an arrest was not admissible to discredit the respondent as a witness. Wig. Ev. §982 (3). The nature of the charge was evidently brought out to make it easier of belief that the respondent was guilty of the offense for which he was on trial, and it was so used in argument. The admission of the evidence was error. See *State* v. *Kelley,* 65 Vt. 531, 27 Atl. 203, 36 Am. St. Rep. 884.

The respondent was indicted at the September Term, 1909. Mrs. Sanderson testified that the woman left their house about eleven o'clock in the night of September seventh, and declined to tell her where she was going, saying she was not going to tell anyone; that her husband took her to Cuttingsville depot, and that he gave her some money before they started. With this evidence in the case, it was not error to permit the State's attorney to say in his argument to the jury that no one knew better than the respondent why she was not there to testify.

*Exceptions sustained, judgment reversed, and cause remanded.*