GEORGIANNA COX ET UX. v. WILLIAN ROSENVINGE AND
JENNIE H. SCOTT.

JOHN ADAMS v. WILLIAM ROSENVINGE AND JENNIE H.
SCOTT

MARGARET L. RICE ET UX. v. WILLIAM ROSENVINGE
AND JENNIE H. SCOTT.

Decided November 16, 1926.

**Negligence—Three Cases Tried Together—Plaintiffs in Two
Cases Were Passengers in Bus Owned by One Defendant
While in Collision With Bus Owned by Other Defendant;
Third Plaintiff was Owner and Driver of Horse-drawn Ve-
hicle Also in the Collision—Third Plaintiff Had Already Ob-
tained a Rule Because of Inadequacy of a Verdict, and This
Appeal, Consequently, is Premature—Judgments of First and
Second Plaintiffs Against Defendant Rosenvinge Affirmed—
Judgments Against Defendant Scott Reversed Because of
Error in Charge to Jury in Which Court Said Plaintiffs Were
Entitled to Verdict.**

On appeals from the Middlesex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD
and MINTURN.

For the appellants, *William F. Vosseller* and *August C.
Streitwolf*.

For the respondents, *John A. Coan*.

PER CURIAM.

The above actions were brought by the several plaintiffs
to recover compensation for injuries received by them, respec-
tively, arising out of a collision between a truck belonging

to the defendant Jennie Scott, a bus owned and operated by the defendant Rosenvinge, in which Mrs. Cox and Mrs. Rice were passengers, and a horse-drawn vehicle belonging to and driven by the plaintiff Adams. The cases were tried together, by order of the court, and the trial resulted in verdicts against the defendants in each case. In the Cox and Rice cases judgments were entered upon the verdicts, and from those judgments the defendants severally have appealed.

In the Adams case the plaintiff applied for and obtained a rule to show cause why a new trial should not be directed for inadequacy of the verdict, and upon the return of that rule it was made absolute. The defendants have appealed in this case from the judgment *nisi* entered on the first verdict. It is manifest from the facts stated that this latter appeal is prematurely taken. No final judgment having been entered, there is nothing before us to review. This appeal, therefore, will be dismissed.

The appeals of Rosenvinge, taken from the judgments in the Cox case and the Rice case, are each of them based solely upon the contention that the trial court erred in refusing to order a nonsuit or direct a verdict because of the failure of proof showing that the accident was the cause of negligence on his part. Our examination of the state of the case sent up with the appeals satisfies us that the questions of his negligence and of its being the proximate cause of the accident were for the determination of the jury and not the court. We conclude, therefore, that the judgments against Rosenvinge in each of these two cases should be affirmed.

As to the appeals of Jennie Scott in these cases: One of the grounds relied upon for a reversal of the judgments against her is directed at the following instruction of the trial judge to the jury: "This lady [Mrs. Cox] is entitled to a verdict. She is entitled to a verdict for the pain and suffering she endured, for her permanent injuries. * * * Then she is entitled to compensation for any permanent injury that there is. Now, as to Mrs. Rice: If you believe that she suffered any injuries, and any pain and suffering she endured, she is entitled to be compensated for that." This

instruction was clearly erroneous, and, manifestly, was harmful to the defendants. It took from the jury the question of liability on the part of the defendants, or one of them. It is true that the trial judge modified this instruction to some extent in other portions of his charge, but the rule is well settled that an erroneous instruction followed or accompanied by a correct one is not cured by the latter, unless it is also expressly withdrawn, the reason being that the jury is left at liberty to adopt either of the contrary instructions. *State* v. *Tapack*, 78 *N. J. L.* 208; *Collins* v. *Central Railroad Co. of New Jersey*, 90 *Id.* 593.

For the reason indicated, the judgments against Mrs. Scott in these two cases will be reversed.