ELIZABETH PASKA ET AL. *v.* BERT H. SAUNDERS ET AL.

Special Term at Rutland, November, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed January 7, 1931.

208

*Collins M. Graves* and *Walter S. Fenton* for the defendants.

*Edward J. Hall* for the plaintiff.

MOULTON, J. Action of tort for the conversion of twenty-one head of cattle. Pleas, the general issue, and a release. Replication, that the release was procured by fraud and duress. Trial by jury. Non-suit as to Anna Paska Saunders, and verdict for Elizabeth Paska against both defendants for compensatory and exemplary damages. The defendants excepted.

The plaintiff Elizabeth is the widow of Tony Paska. Anna Paska Saunders is her daughter by a former marriage. Both are Lithuanians.

The plaintiff Elizabeth and her husband Tony Paska occupied a farm belonging to the defendant Saunders, upon which they carried on the business of dealing in milk. ·After the death of Tony Paska, Saunders took the cattle in question from the possession of the plaintiff and later sold them to the defendant Greenberg at private sale. No administration was taken out

upon Tony Paska's estate until after the commencement of this action.

Some years before Tony Paska's death Saunders sold him thirteen cows, and took a chattel mortgage covering them to secure the purchase price, a part of which had been paid at the time the cattle here in question were taken from the plaintiff. The proceeds of the private sale were applied upon the note, leaving a balance due.

Seven of the cows taken were among those covered by the chattel mortgage. As to certain others, the defendants offered to show by the testimony of Saunders, that, after the chattel mortgage had been executed, it was orally agreed between Saunders and Tony Paska that the latter might sell such of the mortgaged cattle as he wished provided he replaced them with cattle of equal kind and value, title to which should remain in Saunders in lieu of those sold. The offered testimony was excluded, and the defendants excepted.

Such a verbal security would be valid at common law as between the parties, and, if no rights of third persons had intervened, upon the seasonable taking possession by the mortgagee of the property covered by the mortgage, it would be good and valid as against all persons, and would relate back to the time of its making. *Gilfillan's Admr.* v. *Bixby,* 100 Vt. 468, 471, 139 Atl. 250. The effect of the offered agreement would be a waiver of the security of the mortgage so far as the purchasers from Tony Paska were concerned. *Reed* v. *Rowell,* 100 Vt. 41, 43, 134 Atl. 641. As regards the subsequently purchased cattle it would be a verbal mortgage, separate and distinct from the written one already in existence, and so there is no question here as to the modification of a sealed instrument (for such was the chattel mortgage) by a subsequent verbal agreement. See *Hill* v. *Scott,* 101 Vt. 356, 362, 143 Atl. 276.

The subject for inquiry is the competency of Saunders to testify to the transaction with the deceased Tony Paska. By G. L. 1891, in actions of this nature, where one of the parties to the contract or cause of action in issue and on trial is dead, the other party cannot be admitted to testify in his own favor except to meet or explain the testimony of living witnesses produced against him. This section and the one next following it are exceptions to the general rule of competency; and in their origin they were provisos of a statute hav-

ing for its object the removal and not the creation of disqualifications and hence a construction should be given to them which inclines towards competency. (*In re Bugbee's Will*, 92 Vt. 175, 181, 102 Atl. 484, 486); although the construction must be a reasonable one, having in mind the fraudulent practices against which the statute was designed to guard. *Hopkins, Trustee* v. *Sargent's Estate*, 88 Vt. 217, 220, 92 Atl. 14. The term "other party" as used in the statute refers to the other party to the original contract or cause of action, and not necessarily to the other party to the record (*Hopkins, Trustee* v. *Sargent's Estate, supra*); and the words "contract in issue" are the same in meaning as "contract in dispute" or "in question," and relate as well as to the substantial issues made by the evidence as to the merely formal issues made by the pleadings. *Pember* v. *Condgon*, 55 Vt. 58, 59; *Merrill* v. *Pinney*, 43 Vt. 605, 606; *Hollister* v. *Young*, 42 Vt. 403, 408. The restriction in the statute applies equally whether the surviving party is plaintiff or defendant in the action. *Johnson, Admr.* v. *Dexter*, 37 Vt. 641, 645.

The exception in the statute which makes the surviving party a competent witness to meet or explain testimony of living witnesses produced against him permits him to testify to such affirmative facts as have a tendency to meet and destroy such testimony. *Gilfillan* v. *Gilfillan's Estate*, 90 Vt. 94, 101, 96 Atl. 704. He may testify not alone to meet and explain the facts testified to by the witness, but also any legitimate inference deducible therefrom. *In re Bugbee's Will, supra*. As is said in the case last cited: "If the Legislature had intended to restrict his testimony in the manner indicated, words of more restricted meaning would naturally have been employed. If the party were to be confined to rebutting facts alone, he would not enjoy the full benefit of the statute which makes him a competent witness to *meet* the testimony of living witnesses produced against him."

Here the testimony of living witnesses had shown the possession of the cattle in question by the plaintiff, and a taking, apparently without justification, by Saunders.

His offered testimony as to the verbal mortgage, therefore, had a tendency to meet and explain that which was produced against him, and therefore he was a competent witness under the statute. The exclusion of the evidence was error.

It is not amiss to say, in order to avoid any misapprehension, that *Ricard* v. *Dana,* 74 Vt. 74, 52 Atl. 113; *Farrington* v. *Jennison,* 67 Vt. 569, 32 Atl. 641; *Hall* v. *Hamblett,* 51 Vt. 589; and *Pember* v. *Condon,* 55 Vt. 58; all authorities apparently opposed to what we have said, were decided before the enactment of the statute in its present form. (No. 64, Acts 1908, now G. L. 1891.)

The defendants also offered to show by Saunders that when he sold the cattle to Tony Paska, and before the written chattel mortgage covering them was executed, it was orally agreed between them that the title should remain in him until they were paid for, and excepted to the exclusion of this testimony. But no error appears, for whatever verbal agreement there may have been to this effect was merged in the subsequently executed chattel mortgage.

Ward L. Lyons was called as a witness by the defendants, and testified without objection that he was the administrator of Tony Paska's estate. Thereafter the defendants offered a certified copy of the letters of administration which were excluded subject to exception. No question seems to have been made as to the fact that Mr. Lyons was administrator, appointed subsequently to the commencement of this action. So the defendants had the substantial benefit of the excluded evidence. *Cummings* v. *Ins. Co.,* 101 Vt. 78, 83, 142 Atl. 82. Assuming its materiality, harmful error does not appear.

On cross-examination the plaintiff was asked: "On or about last Thanksgiving were you confined in the Federal Court?" The question was excluded subject to exception by defendants. The offer was to show that she was arrested on a warrant charging her with the illegal possession of intoxicating liquor, and that the release was given by her in consideration of Saunders going her bail. The court ruled that this was a matter properly to be brought out as a part of the defendant's case. In this there was no error. The order of proof lies in the discretion of the court. *Titus* v. *Gage,* 70 Vt. 13, 15, 39 Atl. 246; *Meserve* v. *Folsom,* 62 Vt. 504, 511, 20 Atl. 926; *Chamberlin* v. *Fuller,* 59 Vt. 247, 252, 9 Atl. 832. The contrary not appearing we assume that the ruling was made as a matter of discretion. *Slack* v. *Bragg,* 83 Vt. 404, 412, 76 Atl. 148; *State* v. *Fairbanks,* 101 Vt. 30, 34, 139 Atl. 918; *Parizo* v. *Wilson,* 101 Vt. 514, 523, 144 Atl. 856. No abuse thereof is

affirmatively shown, and so the ruling will not be disturbed. *Parizo* v. *Wilson, supra.*

The testimony was also offered as impeachment. But proof of an arrest merely is not admissible to discredit a witness, even though a party. *State* v. *Sanderson,* 83 Vt. 351, 353, 75 Atl. 961; *State* v. *Hodgdon,* 89 Vt. 148, 150, 94 Atl. 301, and cases cited.

So, too, no error appears in the exclusion of certain questions on the cross-examination of Anna Paska Saunders. Although she was, at that time, a party plaintiff, the ruling was that the subject-matter of the inquiry was a part of the defendant's case and should be brought out after the plaintiffs had rested. No prejudice seems to have resulted from the ruling and we perceive no abuse of discretion.

It was claimed by the plaintiff that she did not know the contents of the release when she signed it. She was unable to read English. Anna Paska Saunders who read and spoke both English and Lithuanian, testified that she did not read it to her mother, as the defendants claimed she had done. On cross-examination she was asked when she first told her attorney that she had not read the release to her mother. The question was excluded, and the defendants excepted. But all that the defendants say as to the exceptions in their brief, after quoting what was said in taking it, is that there was no privileged communication, and that the question was proper cross-examination. This is an inadequate presentation of the point. It is not enough merely to repeat what was stated in taking the exception in the trial court. *Dumont* v. *Cromie,* 99 Vt. 208, 215, 130 Atl. 679; *Raithal* v. *Hall,* 99 Vt. 65, 74, 130 Atl. 749; *Temple et ux.* v. *Atwood,* 100 Vt. 371, 372, 137 Atl. 321. What is said beyond this amounts to nothing more than a claim that the ruling was error. No authorities are cited, and the point is not supported by argument. This is also inadequate briefing. *Dailey* v. *Town of Ludlow,* 102 Vt. 312, 315, 316, 147 Atl. 771, and cases cited. *In re Robinson's Estate,* 90 Vt. 328, 334, 98 Atl. 826. And nothing appears to show an abuse of the court's discretionary power to supervise the scope and extent of the cross-examination. *Saliba* v. *N. Y. C. R. R. Co.,* 101 Vt. 427, 434, 144 Atl. 194.

As bearing upon the plaintiff's claim that the release was obtained from her under coercion, she was permitted

to introduce evidence that, after taking the cattle, Saunders made threats to her that he would take away and sell the horses on the place and would plow under the crops unless she moved away and that he prowled around the house at night and discharged firearms. The objection was that this evidence was irrelevant and immaterial and not rebuttal.

But to sustain an objection on the ground of immateriality, it must appear that the evidence was clearly irrelevant. *Woodhouse* v. *Woodhouse,* 99 Vt. 91, 124, 130 Atl. 758; *Gomez* v. *Hartwell,* 97 Vt. 147, 156, 122 Atl. 461; *In re Wood's Will,* 95 Vt. 407, 413, 115 Atl. 231; *Slayton, Trustee* v. *Drown,* 93 Vt. 290, 294, 107 Atl. 307. Certainly this is not the case here.

And the testimony was clearly rebuttal since the defendants had rested after having introduced evidence tending to show a voluntary execution of the release by the plaintiff. Aside from this, as we have seen, the order of the testimony lies within the discretion of the court, which has the power to permit the introduction of evidence after both sides have rested, *Phelps* v. *Utley,* 92 Vt. 40, 43, 101 Atl. 1011, or even after arguments have commenced. *Meserve* v. *Folsom, supra.*

During the direct examination of the defendant Greenberg, plaintiff's counsel made a remark concerning his shrewdness as a cattle buyer to which an exception was taken, and which, it is insisted, was of such a derogatory and prejudicial nature as to require a reversal of the case. The transcript shows that it was neither withdrawn by counsel, nor rebuked by the court. The allowance of the exception was in effect a ruling that the remark was proper. *Baker & Sons* v. *Sherman,* 71 Vt. 439, 446, 46 Atl. 57. It was unwarranted, and to allow it to go unwithdrawn and unrebuked was error. *In re Estate of Martin,* 92 Vt. 362, 370, 104 Atl. 100. But prejudice does not affirmatively appear, and without it the error will not cause a reversal. *Douglass & Varnum* v. *Morrisville,* 89 Vt. 393, 430, 95 Atl. 810; *Foundry Mfg. Co.* v. *Farr,* 96 Vt. 382, 385, 119 Atl. 885; *Powell* v. *Merrill,* 92 Vt. 124, 129, 130, 103 Atl. 259, 262. As is said in the last cited decision: ''We cannot reverse a judgment for the purpose of punishing a lawyer in the case.'' Nevertheless we take this occasion to say that to make remarks and comments concerning the witness and his testimony during the course of his examination is extremely unlawyerlike and greatly to be deprecated. Such conduct may, in a proper case, warrant

the setting aside of the verdict if one is obtained in favor of the party whose counsel has thus offended. See *Magoon* v. *B. & M. R. R.*, 67 Vt. 177, 202, 31 Atl. 156.

The defendants moved to set aside the verdict. The motion was denied, and they excepted. Several of the grounds alleged may be considered together. Summarized, they are that there was no legal evidence to support the verdict, because as against the defendant Saunders the plaintiff had neither the legal title nor the right to the possession of the cattle.

 The undisputed evidence showed that seven of the cows were among those covered by the chattel mortgage given by Tony Paska to Saunders. As to these the mortgage operated as an absolute sale, subject to the right to redeem in accordance with the terms of the contract, and passed the general property to Saunders. *Mason* v. *Sault*, 93 Vt. 412, 415, 108 Atl. 267, 18 A. L. R. 1426, and cases cited. Thereafter the possession of the mortgagor was permissive only and not of right. *McCloud* v. *Wakefield*, 70 Vt. 558, 560, 43 Atl. 179; *Mason* v. *Sault, supra.* There being no stipulation in the mortgage to the contrary, the mortgagee had the right to take possession even though no part of the debt secured thereby had become due. *McCloud* v. *Wakefield, supra; Longey* v. *Leach,* 57 Vt. 377, 380. After condition broken, the whole title vested absolutely in Saunders, subject only to a right in equity to redeem, and he had the right to perfect his title by taking possession of the property. *Thompson, Trustee* v. *Fairbanks,* 75 Vt. 361, 370, 371, 56 Atl. 11, 104 A. S. R. 899; *Mason* v. *Sault, supra.* Hence, so far as these seven cows were concerned, there was, so far as appeared in evidence, no conversion in his act in taking them. Neither could he be made liable in trover for selling them at a private sale after condition broken, for then, as we have seen, the whole title was vested absolutely in him. *Campbell* v. *Bryant,* 98 Vt. 486, 490, 129 Atl. 299.

 However there was no error in the denial of the motion on this ground. The jury had been instructed that in determining the question of the defendant's liability, the chattel mortgage should not be taken into consideration, and that, in the event of a verdict for the plaintiff, the damages would be the fair market value of all the cattle, at the time of the taking. No exception to this was taken by the defendants. Consequently, since they were content to have the case submitted upon

the theory that the existence of the chattel mortgage was immaterial, it is futile for them now to urge that such theory was erroneous. *Edmunds Bros.* v. *Smith,* 95 Vt. 396, 407, 115 Atl. 187; *Farnham & Sons, Inc.* v. *Wark,* 99 Vt. 446, 451, 134 Atl. 603.

▉ As to the other cattle it is argued that they were the increase of those covered by the mortgage. The mortgage itself contained no reference to the increase, but since the general property in the cows originally covered by it was in Saunders, he had the same right to the increase that he had to the original animals, for the progeny of animals belongs to the owner of the female. *Desany* v. *Thorp,* 70 Vt. 31, 42, 39 Atl. 309; *Leavitt* v. *Jones,* 54 Vt. 423, 426, 41 A. R. 849. This is in accordance with the maxim *"partus sequiter ventrem."* II Blackstone Comm. 390. While the right existed only as between the parties to the mortgage so long as the mortgagee refrained from taking seasonable possession (*Desany* v. *Thorp, supra*), and would be lost where the rights of a *bona fide* purchaser for value intervened (*Enright* v. *Dodge,* 64 Vt. 502, 503, 24 Atl. 768), the plaintiff did not come within this category, and so, if the cattle were in fact the increase, she could not set up her right as against that of Saunders.

▉ But one difficulty as to this phase of the motion lies in the evidence. The ground is that there was no legal evidence to support the verdict. If there was some evidence tending to support or justify it so far as the alleged increase was concerned, it was for the jury to construe and weigh. *French* v. *Wheldon,* 91 Vt. 64, 68, 69, 99 Atl. 232. The plaintiff testified that at the time her husband died there were twenty head of cattle on the farm, and that she sold two of them to pay his funeral expenses; that her husband had bought cattle; that she had bought and sold cattle during the past nine years, but did not know how many she had bought within the past two years; and that she had raised most of them, about eight every year. Taking this evidence in the most favorable light for the plaintiff, for the motion in this respect is the same in nature and substance as a motion for a verdict. (*Shields et al.* v. *Vermont Mut. Fire Ins. Co.,* 102 Vt. 224, 255, 147 Atl. 352; *Spaulding* v. *Mut. Life Ins. Co.,* 94 Vt. 42, 57, 109 Atl. 22; *Wellman* v. *Wales,* 98 Vt. 437, 438, 129 Atl. 317), it cannot be said as a matter of law that the cattle in question were the increase of those origi-

nally mortgaged. And what we have said relative to the submission of the case to the jury without exception, applies here also.

Another ground for the motion was that the plaintiff had no title to the cattle in question, and could not maintain the suit because if any right of action existed, the administrator of Tony Paska's estate was the only person entitled to enforce it.

The jury was instructed, without objection or exception, that the uncontradicted evidence showed that the plaintiff was in possession and control of the cattle and that this constituted a sufficient basis for the maintenance of the action provided the elements of a conversion were also made out. Here again the case having been submitted to the jury upon this theory, with the acquiescence of the defendants, they cannot now be heard to say that it was erroneous. *Edmunds Bros.* v. *Smith, supra; Farnham & Sons, Inc.* v. *Wark, supra.* Indeed the charge was correct in law. Actual possession of personal property is enough, *prima facie,* to sustain an action of trover against anyone except the true owner, or one connecting himself in some way with the true owner. *Marcy* v. *Parker,* 78 Vt. 76, 84, 86, 62 Atl. 19. "It is a general rule that the bare possession of goods, without any strict legal title, confers a right of action against a mere wrongdoer, having no right, and not clothed with any authority from the real owner." 1 Chitty on Pleading (16 Am. ed.) 220 (170*).

It is also urged that the amount of damages as found by the jury was contrary to the evidence and excessive, and that the verdict, in failing to give effect to the release, was contrary to the evidence and to the charge of the court. The ground that the verdict was contrary to the evidence, and that the amount of it was excessive was addressed to the discretion of the court, its action thereon not being reviewable unless such discretion was abused or withheld. *Temple* v. *Atwood,* 99 Vt. 434, 435, 135 Atl. 59, and cases cited; *Woodhouse* v. *Woodhouse,* 99 Vt. 91, 159, 130 Atl. 758; *Dyer* v. *Lalor,* 94 Vt. 103, 114, 109 Atl. 30. The ground that the verdict was contrary to the instructions stands differently. *Temple* v. *Atwood, supra.* Without going into details, it is enough to say that in denying the motion on the first ground an abuse of discretion does not appear, and that as to the second ground, the record does not disclose the existence of the defect claimed.

The defendants have presented a petition for a new trial based upon alleged newly discovered evidence bearing upon the question of the release, but in view of the disposition to be made of this case, we find it unnecessary to consider the matters therein set forth.

*Judgment reversed, and cause remanded. Petition for a new trial dismissed without costs.*

### ON MOTION FOR REARGUMENT.

After the foregoing opinion was handed down, the plaintiff, by leave of court, moved for a reargument. The reasons assigned are two, the first being that in holding that there was error in the exclusion of the testimony of the defendant Saunders as to the verbal mortgage claimed to have been given to him by the deceased Tony Paska, we have overlooked the fact that there was no evidence offered to show that either Paska or his widow, the plaintiff, ever sold any of the thirteen cattle covered by the original mortgage. This, the plaintiff argues, made the offered evidence immaterial, and the error in its exclusion, if any, harmless.

But since the defendant's evidence tended to show that only seven of the thirteen cows covered by the written mortgage were on the farm at the time of the alleged conversion, the offered testimony was clearly material as a basis upon which to justify the taking of the others. The evidence having been excluded, there remained no ground upon which evidence that Paska or the plaintiff had sold any of the mortgaged cattle would have been admissible, if offered.

Nor do we think that the exception was waived by the subsequent failure to except to the charge which permitted the jury to award damages for the conversion of all the cattle taken. *Berkley* v. *Vermont Cadillac Co., Inc.,* 97 Vt. 260, 269, 122 Atl. 665.

The second ground for the motion is that in holding that there was no conversion in the act of Saunders in taking possession of the seven cows covered by the written mortgage, we have overlooked the fact that he took them without legal process and without the consent of Mrs. Paska. It was not disputed that he had no legal process; and as to her consent the evidence was

conflicting. But the taking was peaceable. It serves no purpose to reiterate what appears upon this point in the opinion, wherein the rights of Saunders as mortgagee are fully considered. We perceive no reason for departing from the conclusion therein stated.

It is said, further, that because the defendants took no exception to the charge which permitted the jury to award damages for the conversion of all the cattle, including the seven covered by the mortgage, they cannot thereafter, on motion to set aside, claim that the verdict was erroneous because the evidence shows that these cattle ought not to have been included in it. The record is found to support this contention, and the opinion has been modified in this respect, although the disposition of the case is not changed thereby.

*Motion for reargument denied. Let full entry go down.*